**In re REPUBLIC NATIONAL LIFE INSURANCE COMPANY and Realty Equities Corporation of New York et al.**

Nos. 74 Civ. 1115, 74 Civ. 1137, 74 Civ. 1192, 74 Civ. 1225, 74 Civ. 1248, 74 Civ. 1255, 74 Civ 1294, 74 Civ. 1622, 74 Civ. 1668, 74 Civ. 1846, 74 Civ. 1875, 74 Civ. 1942, 74 Civ. 3781, 74 Civ. 3782, 74 Civ. 3783, 74 Civ. 3784 and 74 Civ. 3785.

United States District Court,
S. D. New York.

Jan. 14, 1975.

Harry H. Lipsig, New York City, by Joseph P. Napoli, New York City, for plaintiff (Kenneth I. Herman, Trustee).

Stuart D. Wechsler, New York City, Liaison Counsel for plaintiffs.

Booth & Baron, New York City, by George C. Baron, New York City, for defendant (Standard & Poor's Corp.).

Donald F. Ayers, New York City, for defendant (A. M. Best Co., Inc.).

## MEMORANDUM

POLLACK, District Judge.

The defendants Standard & Poor's Corp. ("S&P") and A. M. Best Co., Inc. ("BEST") move to dismiss the amended consolidated complaint herein for failure to state a claim against them upon which relief can be granted, Fed. R.Civ.P. 12(b)(6), for summary judgment on the ground that there is no genuine issue of material fact, Rule 56, to dismiss on the ground that the complaint is not pleaded with the particularity required by Rule 9(b), and for alternative relief pursuant to Rules 9(f), 10(b) and 12(e). Since the motion under Rule 12(b)(6) in conjunction with Rule 56 will be granted, it is unnecessary to discuss the branches of the motion based on Rules 9(b), 9(f), 10(b), and 12(e).

The Herman complaint is one of many filed in or transferred to this Court which were triggered by an action filed by the Securities and Exchange Commission against Republic National Life Insurance Company, Realty Equities Cor-

poration, and others. By its orders of June 24, 1974 and August 26, 1974, this Court consolidated the private actions pending before it for pre-trial purposes and directed that a single, consolidated complaint be prepared. The Herman complaint, which was incorporated in the consolidated complaint (as amended), is the only constituent complaint which names S&P and Best as defendants. The operative allegations in the amended consolidated complaint against S&P and Best are contained in paragraphs 69, 70, 72, and 73, which read as follows:

69. From in or about January 1, 1968 to the present, Standard and Best have published in their periodicals financial information regarding various corporations including Republic.

70. Standard and Best have held themselves out to the public as experts in their respective fields. As such, they have stated the good financial condition and future outlook of Republic and have recommended Republic to the public as a good investment. Best stated in its Policyholders Recommendation that "In our opinion it [Republic] has most substantial overall margins for contingencies. Upon the foregoing analysis of it's [sic] present position, we recommend this company". Thus, Best is doing more than merely disseminating published and filed information. It is evaluating information and expressing an opinion with respect to the purchase and sale of Republic stock which *information* the Republic Class relied upon in purchasing Republic.[1] (emphasis added)

72. Standard and Best failed to investigate and verify such facts before making recommendations and giving their opinions. Standard and Best knew or should have known their recommendations and opinions would be relied upon by members of the public who subsequently became part of the Republic Class. Prior to making such recommendations and giving their opinions, Standard and Best willfully or recklessly disregarded the truth.

73. By failing to investigate the facts upon which their opinions were based, Standard and Best knowingly disseminated recommendations without knowing whether such recommendations were correct or not. Such total disregard of the truth and the buying public are violations of Section 10(b) of the Act and Rule 10b-5, promulgated thereunder.

Both S&P and Best have proceeded under Rule 9(g) of the General Rules of this Court on their motions for summary judgment, and their statements of the noncontroverted facts stand undisputed and under the Rule, are admitted. The liaison counsel for all plaintiffs has filed an affidavit that in effect states that the potential class plaintiffs and the co-plaintiffs in the consolidated proceedings do not support the claims of Herman and leave it to him to stand or fall on his own herein.

■ At the threshold, there was an improper joinder of S&P and Best in a single count. Liability, if any, of these defendants is asserted on independent although similar grounds, viz., that they separately published financial data and statistics relating to Republic and that they separately, in different contexts and to different types of interested persons, made recommendations and gave opinions concerning Republic. S&P made recommendations and gave opinions with respect to the worth of Republic stock to a purchaser of securities, while Best made recommendations and gave opinions as to the worth of Republic to a potential life insurance policyholder or purchaser.

■ Since the alleged misconduct by the defendants S&P and Best consists of misrepresentation rather than nondisclosure, knowledge of the misrepresentation and reliance thereon remain essential el-

---

1. The complaint does not set out any specific recommendations made by S&P.

ements of plaintiff Herman's cause of action. *See* Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374 at 380–381 (2d Cir. 1974); Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 495 F.2d 228, 239–240 (2d Cir. 1974); Herzfeld v. Laventhol, Krekstein, Horwath & Horwath, 378 F.Supp. 112, 127 (S.D.N.Y. 1974).

■ Plaintiff Herman claims to have purchased shares of Republic National Life Insurance Co., but does not assert that he knew of and relied on anything said or done by S&P or Best. The only allegation he makes is that he relied upon Republic's published and filed *information*.[2] (Amended Consolidated Complaint, ¶ 70; Napoli Aff., Dec. 10, 1974, at 2). Significantly, no order has yet been entered herein by this Court allowing the consolidated actions or any of the constituent actions to proceed as a class action.

■ Moreover, the motion to dismiss may also be approached from the perspective of S&P's and Best's alleged duty to inquire. The moving defendants had no transactions of any kind with the plaintiffs. This Court concludes that S&P and Best owed plaintiffs no duty which was breached, and that S&P and Best are not accountable to plaintiffs under the federal securities laws for their stock speculations.

Services merely engaged in statistical reporting are under no duty to investigate or verify the statistics of companies which they collect and publish as submitted to them. Their repetition of the material submitted by summarizing its content or effect[3] and their ascribing it to sources deemed reliable without vouching for it as their own or adding any factual matter of their own cannot be deemed a basis on which to assert a claim of federal securities fraud against the publications. This is true even though on the basis of the company's published data they express as their opinion a recommendation of the security.

■ Section 10(b) of the Exchange Act and Rule 10b–5 adopted thereunder were not intended to embrace or stifle financial statistical reporting services such as those here involved or to impose on them the burden of verifying the published reports of companies which they collect and recount in their services.

■ There is no allegation that either defendant possessed any inside information or had greater access to information concerning Republic than investors. Similarly, there is no allegation that either S&P or Best participated in any way in the alleged underlying Republic-Realty fraud, *see generally* Zachman v. Erwin, 186 F.Supp. 691 (S.D. Tex.1960), nor is there any allegation that either S&P or Best conspired with

---

2. The lawyer for Herman states that the claims are made "on behalf of those investors who relied upon Best and Standard & Poor's publications in making their investment in Republic National Life." (Napoli Aff., Dec. 10, 1974, at 3). However, nowhere is there any assertion that there is such a person. There is no allegation that either Herman or any other investor did in fact know of and rely on either of these publications or the recommendations contained therein. The omission seems not inadvertent. The language of ¶ 72 of the amended consolidated complaint similarly skirts a direct allegation of actual knowledge and reliance.

3. It is not disputed and under the General Rule is deemed admitted herein that "S&P accurately reported the information derived from the reports [publicly] distributed and/or filed by defendants Republic National Life Insurance Company and Realty Equities, Inc., with governmental and regulatory authorities, including the annual reports, proxy statements and other information which said defendants furnished to the media and the public," (S&P Rule 9(g) Statement, ¶ 5), and that "Best accurately reported the insurance information derived from the reports [publicly] filed by defendant, Republic National Life Insurance Company with governmental and regulatory authorities, including the various State Insurance Departments." (Best's Rule 9(g) Statement, ¶ 7). The Gallagher and Kellogg affidavits supplied by the moving parties show that the sources for the S&P and Best publications were the public filings of Republic.

or aided and abetted any other defendants charged with fraud or other misconduct. In the absence of such connection, S&P and Best simply do not fall into any of the categories of non-privity parties who have been held liable to defrauded purchasers and sellers under Rule 10b–5. *See* 2 A. Bromberg, Securities Law, Sec. 8.5 (514) at 208.3.

 Plaintiff Herman's citation of cases which call for complete and accurate information for investors as one of the basic objectives of Section 10(b) and Rule 10b–5 is inappropriate absent a duty on the part of either S&P or Best to inquire into the truth of the information which they publish. *See, e. g.,* Lanza v. Drexel & Co., 479 F.2d 1277 (2d Cir. 1973); Chris-Craft Industries, Inc. v. Piper Aircraft Corp., 480 F.2d 341, 363 (2d Cir.) (Section 14(e)), cert. denied, 414 U.S. 910, 94 S.Ct. 231, 38 L. Ed.2d 148 (1973). The mere fact that S&P and Best made recommendations[4] does not in this case entail a duty to inquire.

 An order previously entered by this Court directed plaintiff Herman to supply factual allegations in an amended pleading if he intended to prosecute the claim, and Rule 56 requires presentation of a factual basis for the conclusory allegations of the charges. Neither condition has been met. The only accusation made, contained in an attorney's affidavit which does not purport to be factual or speak with knowledge, consists of his averment that neither of these defendants investigated the facts which they obtained from the company's publications and filings and the conclusion that since they were untrue, each is responsible under Rule 10b–5. This does not meet the requirement of a short simple statement of fact and of the particularity required of a fraud complaint. Felton and Egan v. Walston & Co. et al., 508 F.2d 577 (2d Cir. 1974).

The superficial and cavalier opposition to the motions does not lend legal or factual support to the claim, and a defendant should not be put to the burden and expense of participating in and defending such slipshod litigation in a complex and multiparty suit. It is not the function of a Court to construct a claim for such a litigant by divining a purpose and intent for it.

The Count numbered IV in the amended consolidated complaint and its counterpart in the constituent complaint in the Herman action are dismissed accordingly with costs in favor of defendants S&P and Best against plaintiff Herman.

So ordered.

---

4. Indeed, it would appear that the Best *Policyholder* recommendation referred to in Count IV was neither false, the security of

Republic *policyholders* having been unaffected, nor made in connection with the purchase or sale of a security.