**George KATZ, Plaintiff,**

v.

**REALTY EQUITIES CORP. OF NEW YORK et al., Defendants.**

**Kenneth I. HERMAN et al., Plaintiffs,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE CO. et al., Defendants.**

Nos. 74 Civ. 1137(MP), 74 Civ. 1248(MP).

United States District Court, S. D. New York.

Jan. 21, 1976.

Kass, Goodkind, Wechsler & Gerstein by Stuart D. Wechsler, and Robert S. Schachter, New York City, liaison counsel for plaintiffs.

Ira Jay Sands, New York City, for plaintiff Katz.

Harry H. Lipsig, New York City, for plaintiff Herman.

Shearman & Sterling by W. Foster Wollen, Werner L. Polak, Richard P. Lasko, and Andrew S. O'Connor, New York City, for defendants Klein, Hinds & Finke and Alexander Grant & Co.

POLLACK, District Judge.

The defendants Alexander Grant & Co. and Klein, Hinds, & Finke, (hereafter "Grant" and "KHF"), two public accounting firms, have moved for sum-

mary judgment pursuant to Fed.R.Civ.P. 56, or in the alternative, to dismiss the complaint for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) or to aver fraud with sufficient particularity pursuant to Rule 9(b). The motion for summary judgment is granted for the reasons which appear hereafter.

This securities fraud litigation, initially involving 17 separate private damage actions against 40 defendants, was consolidated for pre-trial purposes. Grant and KHF were named as defendants in four of the constituent actions, but were served with process in only two, *Herman v. Republic National Life Insurance Co.,* 74 Civ. 1248, and *Katz v. Realty Equities Corp. of New York,* 74 Civ. 1137.

The complaints involving the moving defendants allege that Republic and Realty defrauded investors by engaging in a series of transactions which were designed to artificially inflate the reported income and assets of the two companies. For a description of the elements of the controversy, *see S. E. C. v. Republic National Life Insurance Co.,* 378 F.Supp. 430 (S.D.N.Y.1974). KHF served as Realty's independent certified public accountant for a number of years prior to September 1, 1969; Grant succeeded KHF in that capacity after that date, when the two defendants combined practices.

■ It should be noted at the outset that the plaintiffs have been given a full opportunity for discovery on the claims asserted. Documentary production pursuant thereto was made on December 5, 8 and 9, 1975, and plaintiffs' accounting experts have inspected and analyzed the material produced. None of the plaintiffs has appeared in opposition to the instant motions or presented any papers in opposition thereto. Accordingly, the material facts submitted in the statement by the defendants will be deemed to be admitted since they were not controverted by a statement required to be submitted by plaintiffs pursuant to General Rule 9(g) of the Rules of the Southern District of New York. That rule requires the parties opposing a motion for summary judgment to furnish a separate, short and concise statement of the material facts as to which it is contended that there is a genuine issue to be tried.

The complaints allege that the two defendants "discovered or knew of the material problems between Realty and Republic," and that "both firms failed in their obligations to the public and to the SEC to fully disclose such facts and to alert responsible authorities thereto." The defendants are also charged with aiding and abetting violations of the securities laws.

■ It is uncontroverted that KHF's work for Realty did not encompass any activity involving Realty's operations or transactions subsequent to the fiscal year ending March 31, 1969, and that Grant's responsibility did not extend beyond the fiscal year ending March 31, 1970. The defendants had no duty of inquiry, and consequently no duty of disclosure, in regard to Realty transactions and operations which occurred subsequent to the periods during which they acted as Realty's independent certified accountants. *See Wessel v. Buhler,* 437 F.2d 279, 282 (9th Cir. 1971); *Fischer v. Kletz,* 266 F.Supp. 180, 195 (S.D.N.Y. 1967). *See also In Re Republic National Life Insurance Co. (Arthur Andersen),* 387 F.Supp. 902 (S.D.N.Y.1974).

Plaintiffs' allegation must therefore be limited to the non-disclosure of material facts which the defendants knew of during the period they acted as Realty's independent accountants. To survive the instant summary judgment motion, there must appear to be a genuine issue that the defendants during the relevant period were aware of, and did not disclose, information which would have been material to the plaintiffs' investment decisions. As is shown below, there is no such genuine issue of fact.

■ The complaints do not allege any specific transactions as grounds for relief which occurred during KHF's tenure as Realty's accountant. Hence, KHF cannot be held responsible for a material

non-disclosure; there can be no genuine issue and summary judgment is appropriate as to KHF.

As to the defendant Grant, that firm did make disclosure of serious problems it uncovered during its examination of Realty. Indeed, it refused to certify the financial statements it prepared for Realty for the period ending March 31, 1970. That refusal was communicated to the SEC and Realty's shareholders as part of Realty's 1970 Annual Report. Furthermore, that report indicated that the transactions between Realty and Republic were among those that led to Grant's concern for the accuracy and reliability of the financial statements.

■ It thus appears that summary judgment is appropriate in favor of Grant. Even if Grant may not have disclosed all the information of which it was aware, the existence of any such non-disclosure would not be a fact material to the outcome of the litigation. In this action brought under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. 240.10b–5, a non-disclosure is "material" for summary judgment purposes only if it is an omission "to state a material fact necessary in order to make the statements made, in the light of circumstances under which they were made, not misleading." Given the disclosure which Grant did make in Realty's annual report, and especially in light of Grant's refusal to certify that report's financial statements, the failure to make any additional disclosure called for by the complaint could not possibly have affected a reasonable investor's decision-making. Grant put the public on notice that the financial statement was not reliable; its failure to reveal every detail which gave rise to the unreliability cannot possibly be a material omission.

Moreover, summary judgment is compelled as to Grant since the plaintiffs have failed to traverse Grant's denial of an element which is essential to the plaintiffs' claim for relief: scienter. The defendant asserts in its 9(g) statement that "[p]rior to termination of its employment by Realty, Alexander Grant had no knowledge of any of the transactions complained of herein, and Alexander Grant did not participate in any way in any of said transactions." As noted earlier, plaintiffs' failure to controvert that assertion constitutes an admission of the defendant's statement.

■■ Actual knowledge, or a reckless disregard for the truth which is equivalent to actual knowledge, is a prerequisite to the imposition of civil liability for a violation of Rule 10b–5 in this Circuit. *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1304–06 (2d Cir. 1973); *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath,* 378 F.Supp. 112, 126 (S.D.N.Y.1974) (accountant defendant). Actual knowledge is also a prerequisite to liability for damages for aiding and abetting a violation of the securities laws; a negligent failure to inquire and disclose is an insufficient basis on which to impose liability for aiding and abetting the alleged misconduct. *See Lowenschuss v. Kane,* 520 F.2d 255, 268 n. 10 (2d Cir. 1975); *H. L. Federman & Co. v. Greenberg,* 405 F.Supp. 1332 (S.D.N.Y.1975). *But see Odette v. Shearson, Hammill & Co.,* 394 F.Supp. 946, 960 (S.D.N.Y.1975) (dictum). Any other rule would give rise to the anomaly of assessing liability on peripheral defendants on a lesser standard of culpability than that required for the direct liability of a principal.

Grant did not have actual knowledge of the allegedly material information it is charged with failing to disclose, and the plaintiffs do not assert that Grant recklessly disregarded the truth. Consequently, Grant cannot be cast in liability under Rule 10b–5 for alleged non-disclosure.

Given this disposition of the motion, the Court need not reach the defendants' alternative motions for dismissal pursuant to Rules 9(b) and 12(b)(6).

The motion of defendants Grant and KHF for summary judgment is granted and the complaints as to them in *Herman v. Republic National Life Insurance*

*Co.,* 74 Civ. 1248, and *Katz v. Realty Equities Corp. of New York,* 74 Civ. 1137, are dismissed.

So ordered.