**Ronald HART, on behalf of himself and all others similarly situated, Stephen Browere, Michael Giorgio, Janice Jacobsen, Ann C. Reese, G. Marlow Reese, Jr., John Threlkeld, and Cheryl Ann Ryan, Plaintiffs–Appellants,**

**v.**

**INTERNET WIRE, INC. and Bloomberg L.P., Defendants–Appellees.**

**Docket No. 01–9259.**

United States Court of Appeals, Second Circuit.

Oct. 10, 2002.

Andrew M. Schatz, Schatz & Nobel, P.C., Hartford, CT (Jeffrey S. Nobel, Robert A. Izard, and Patrick A. Klingman, on the brief), for Appellants.

Kenneth Conboy, Latham & Watkins, New York, N.Y. (Miles N. Ruthberg, David J. Schindler, Elena C. Norman, Robert W. Perrin, and Kathleen M. Marcus, on the brief), for Appellee Internet Wire.

Thomas H. Golden, Willkie Farr & Gallagher, New York, N.Y. (Andrew M. Wasserman, Michael W. Leahy, and Emily C. Stein, of counsel), for Appellee Bloomberg.

Present LEVAL, SOTOMAYOR, Circuit Judges, and JOHN G. KOELTL, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Pollack, J.), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs appeal from a judgment of the United States District Court for the Southern District of New York (Pollack, J.) granting a motion made under Fed. R.Civ.P. 12(b)(6) by Internet Wire, Inc. and Bloomberg L.P. (collectively, "defendants") to dismiss plaintiffs' second amended complaint in this class action brought under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. Specifically, the district court ruled that plaintiffs had not adequately pleaded § 10(b) "scienter" in alleging that defendants—two services that are variously engaged in publishing and disseminating financial news—had committed securities fraud by reporting on and distributing over the Internet a phony corporate news release (the "Release") perpetrated by an independent hoaxer.

We review *de novo* the district court's dismissal of plaintiffs' complaint, taking all facts alleged as true and drawing all reasonable inferences in favor of plaintiffs. *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). To state a cause of action under § 10(b) and Rule 10b–5, "a plaintiff must plead that in connection with the purchase or sale of securities, the defendant, acting with scienter, made a false material representation or omitted to disclose material information and that [the] plaintiff's reliance on [the] defendant's action caused [the plaintiff] injury." *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 266 (2d Cir.1996). A plaintiff alleging § 10(b) securities fraud must also satisfy the particularity requirement of the Private Securities Litigation Reform Act,

---

* The Honorable John G. Koeltl, of the District Court for the Southern District of New York, sitting by designation.

Pub.L. No. 104–67, 109 Stat. 737 (1995) (codified as amended in scattered sections of 15 U.S.C.), and Fed.R.Civ.P. 9(b), and may not base claims "on speculation and conclusory allegations," *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994) (quotation marks omitted).

■ We agree with the district court that plaintiffs have failed adequately to plead § 10(b) scienter in alleging that defendants recklessly ignored or failed to investigate "red flags" that should have alerted them that the Release was a hoax. While a "strong inference of fraudulent intent" may be established "by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness," *In re Carter–Wallace, Inc., Sec. Litig.,* 220 F.3d 36, 39 (2d Cir.2000), plaintiffs must allege conduct that is "at the least . . . highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it," *id.* at 39–40 (internal quotation marks omitted). At most, plaintiffs have alleged errors and omissions—such as failure to detect or investigate typing errors, inconsistencies of naming, and other supposed signs of the Release's inauthenticity—that suggest carelessness or haste, not an "egregious refusal to see the obvious, or to investigate the doubtful, [which] may in some cases give rise to an inference of recklessness." *Novak v. Kasaks,* 216 F.3d 300, 308 (2d Cir.2000) (quotation marks and alteration omitted). Thus, plaintiffs have not discharged their "significant burden" in pleading fraud based on recklessness, *Chill,* 101 F.3d at 270, particularly where, as here, a plausible motive for fraud is not apparent, *see Kalnit v. Eichler,* 264 F.3d 131, 142 (2d Cir.2001) (where motive "is not apparent . . . the strength of the circumstantial allegations must be correspondingly greater") (quotation marks omitted). In short, because defendants are nonfiduciaries, plaintiffs must allege recklessness that "approximate[s] an actual intent" to defraud. *Rothman v. Gregor,* 220 F.3d 81, 98 (2d Cir.2000). Plaintiffs have not done so.

■ Plaintiffs also allege that Bloomberg L.P. ("Bloomberg") made false statements intended to defraud investors when it reported on the Release in a way that suggested that Bloomberg had verified and become the source of breaking news. We do not find this allegation to state a claim for securities fraud under § 10(b). First, plaintiffs have not sufficiently alleged that Bloomberg made knowingly false statements, particularly in view of the strong inference of fraud that is required in the absence of a plausible motive to defraud. Second, plaintiffs allege a kind of deception by Bloomberg that is separated from the statutory mooring of § 10(b). *See Novak,* 216 F.3d at 308 ("Intentional misconduct [under § 10(b)] is easily identified since it encompasses deliberate illegal behavior, such as securities trading by insiders privy to undisclosed and material information, or knowing sale of a company's stock at an unwarranted discount.") (internal citations omitted). To the extent that plaintiffs claim that Bloomberg falsely described itself as the source of independently-verified news, the deception as alleged primarily implicates journalistic ethics, not an intent to defraud market investors. *Cf. In re Republic Nat'l Life Ins. Co.,* 387 F.Supp. 902, 905 (S.D.N.Y.1975) ("Services merely engaged in statistical reporting are under no duty to investigate or verify the statistics of companies which they collect and publish as submitted to them."). In sum, we hold that plaintiffs have failed adequately to allege intentionally false statements by Bloomberg that constitute securities fraud.

In conclusion, construed in the light most favorable to them, plaintiffs' second amended complaint does not adequately plead scienter with respect to either of the defendants and therefore fails to state a claim for securities fraud under § 10(b) and Rule 10b–5. The district court properly dismissed plaintiffs' claims with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

We have considered plaintiffs' other arguments and find them unpersuasive. Accordingly, the judgment of the district court is hereby AFFIRMED.