Bank of North America, Appellant, *v.* Aaron Shapiro et al., as Executors of Bernard Shapiro, Deceased, Respondents, et al., Defendants.

First Department, March 31, 1969.

*Edward N. Meyer* of counsel (*Anthony J. D'Auria* with him on the brief; *Cole & Dietz*, attorneys), for appellant.

*Morris L. Bower* of counsel (*Norman Winer* with him on the brief), for respondents.

Steuer, J. The action is on a written guarantee to the extent of $50,000 of the indebtedness of New Yorker Towers, Ltd. (herein Towers) to the plaintiff bank. The guarantee was one of several given by the individuals who were financially interested in the corporation. The guarantor sued died during the pendency of the action and his estate is now defending the action.

Execution and delivery of the instrument is admitted. It is, however, claimed that defendant's testator, due to partial blindness, was unable to read the instrument and that his lawyer, who undertook to read it to him, materially misrepresented its nature. We fail to see how this in any way constitutes a defense.

The learned Special Term denied plaintiff's application for summary judgment upon the ground that, as an estate was defending, the fullest opportunity should be afforded to unearth and present matters of defense, and that evidentiary matter had been advanced upon which a defense might be predicated. As to the first, the fullest opportunity has been accorded the defendant. It has taken plaintiff's deposition before trial and, concededly, has examined every paper in the bank's file. True, the examination is still open for the purpose of obtaining rulings on certain objections. However, 10 months have elapsed during which rulings could have been had, and no indication is given that any information other than what has long since been obtained will be forthcoming.

While Special Term did not find that the proof actually presented would constitute a defense, we have examined it with that in view. It appears that from its incorporation one Alexander Gross was active in the management and affairs of Towers. He was the person authorized to make loans. Sometime in 1965, Towers delivered to the bank a list of authorized signatures. In the space for signatures on loans, no name appeared. Nevertheless the bank continued to make loans on corporate notes executed for the corporation by Gross. It is claimed that therefore there is no liability for the loans so made.

It is not disputed that the plaintiff credited the proceeds of these notes to Towers' bank account and the funds were drawn out by Towers' checks regularly and properly drawn. Having made use of the proceeds, Towers could not assert that the loans were unauthorized (*Hubbard* v. *Syenite-Trap Rock Co.*, 178 App. Div. 531, 534). While there is no serious contest as to the corporate liability under these facts, it is argued that this does not apply against a guarantor. What is overlooked in this contention is that the guarantee is of Towers' indebtedness and the guarantee specifically imposes liability on the guarantor "irrespective of the validity, regularity or enforcibility" of any instrument evidencing any part of the indebtedness. Such a guarantee is enforceable even where the principal may escape liability (*Standard Brands* v. *Straile*, 23 A D 2d 363).

The order of October 21, 1968, should be reversed, on the law, and the motion granted awarding summary judgment to plain-

tiff for the relief demanded in the complaint, with costs and disbursements.

McGivern, J. (dissenting). I dissent and would affirm the denial of the bank's motion for summary judgment. The facts, insofar as can be gleaned from the uncompleted examinations, raise serious and unfeigned issues as to the bank's knowledge of the diversion of the corporate funds to noncorporate purposes. It was clear that Towers was *in extremis*, yet the bank continued to advance loans under dubious circumstances, including an indication that following the resignation of Gross funds were being diverted by him to noncorporate purposes. Thus, there is generated legitimate doubt as to the propriety of summary judgment which compels its denial. The terms of the obligation of the decedent Shapiro may be unambiguous but the facts, to which the unambiguous obligation was to attach, or out of which such obligation was to be born, are far from clear in this case. Special Term was correct in exercising caution. See *Glick & Dolleck* v. *Tri-Pac Export Corp.* (22 N Y 2d 439, 441).

Eager, J. P., and Nunez, J., concur with Steuer, J.; McGivern, J., dissents in opinion.

Order entered on October 21, 1968, reversed, on the law, with $50 costs and disbursements to appellant, the motion granted awarding summary judgment to plaintiff for the relief demanded in the complaint, and the Clerk is directed to enter judgment accordingly.