■ MANUFACTURERS HANOVER TRUST COMPANY, Appellant, v S. WILLIAM GREEN, Respondent. — Order of the Supreme Court, New York County (Louis Grossman, J.), entered March 28, 1983, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 and directed plaintiff to serve its complaint, is reversed, on the law, with costs and disbursements of this appeal payable by defendant, the motion by plaintiff is granted, and an assessment of plaintiff's reasonable attorney's fees is directed. This is an action to recover $3,585,000 pursuant to three personal guarantees dated January 29, 1981, in which defendant, a limited partner, who was entitled to receive 98% of the profits, guaranteed all obligations of three general partnerships named Gem State Associates I, II and III. The partnerships borrowed the three and one-half million dollars from plaintiff Manufacturers Hanover Trust Company as evidenced by three promissory notes dated June 30, 1981. Upon the motion, plaintiff recited the terms of the promissory notes, which included interest keyed to the bank's prime rate, defendant's guarantees, that due written demand for payment was made May 14, 1982, that the partnerships defaulted in making payment as required by the notes, and, that pursuant to the terms of his guarantees defendant owed plaintiff the amount of the notes. The notes, guarantees and demand letter were appended to the moving papers. Defendant claimed the general partner of each partnership was changed on December 23, 1980, and that plaintiff had actual or constructive notice of such changes. On that basis, defendant asserted the notes were not validly made by any of the partnerships since they were signed by a limited rather than a general partner. Special Term found that the guarantees were not for a sum certain but relied on the promissory notes, and therefore could not be deemed "instrument[s] for the payment of money only" (CPLR 3213). It further found that defendant had raised an issue of fact regarding the validity of the underlying promissory notes. This holding by Special Term was in error. A guarantee may be the proper subject of a motion for summary judgment in lieu of complaint whether or not it recites a sum certain. The need to refer to the underlying promissory notes to establish the amount of liability does not affect the availability of CPLR 3213 (see *American Bank & Trust Co. v Koplik,* 87 AD2d 351). In addition, whether or not the bank had knowledge of the change in the structure of the partnerships is irrelevant to defendant's liability under the guarantees. Each guarantee provides that it "shall be a continuing, absolute and unconditional guarantee of payment regardless of the validity, regularity or enforceability of any of said Obligations or purported Obligations." Thus, by its unqualified language, even if the principals are able to escape liability herein, the guarantees are still enforceable against defendant (see *Bank of North Amer. v Shapiro,* 31 AD2d 465, 466; *Franklin Nat. Bank v Eurez Constr. Corp.,* 60 Misc 2d 499). Defendant does not claim any irregularity in the guarantees, does not deny that the loans were made to the partnerships and does not deny that the partnerships defaulted on the loans which are now due and payable. Defendant, therefore, failed to raise any viable issue with respect to his liability pursuant to the guarantees. Finally, defendant also failed to raise any genuine issue as to interest due

which would preclude summary judgment on the amount of damages. Plaintiff set forth in an affidavit its prime rate at all applicable times, and detailed the way in which the interest balance on the various loans was computed. Defendant's opposition, on the other hand, was based purely on surmise and suspicion and was, therefore, not sufficient to defeat plaintiff's motion (see *Kornfeld v NRX Technologies,* 93 AD2d 772). Finally, while the terms of the guarantees provide for an attorney's fee of 15% of the principal and interest due, reasonable attorney's fees are to be determined by the court (*Chemical Bank v Nattin Realty,* 61 AD2d 921). Settle order. Concur — Sandler, J. P., Ross, Asch and Bloom, JJ.