■ ARNOLD GOODRIDGE et al., Appellants, v FRANK FERNANDEZ, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Gammerman, J.), entered September 23, 1985, which, *inter alia,* granted the cross motion of defendant and third-party plaintiff Frank Fernandez staying the instant action pending the outcome of a similar consolidated Federal action, affirmed, without costs.

Plaintiff Arnold Goodridge and defendant and third-party plaintiff Frank Fernandez were principals and shareholders of Components Plus, Inc. (Old CPI), a New Jersey corporation engaged in the sale of military supplies. In January 1981, Old CPI purchased 50% of its common stock from Goodridge. In connection with the stock purchase agreement Old CPI made a cash payment to Goodridge at the closing, assumed certain obligations of Goodridge, and incurred several deferred obligations including: (1) a promissory note in the principal amount of $141,018 payable at 6% interest, in 24 equal installments of $6,250 per month by Old CPI to Goodridge; (2) a 10-year employment agreement, dated January 21, 1981, among Goodridge, Old CPI and Fernandez, with an annual salary to Goodridge of $20,000; and (3) a consulting agreement of the same date among Old CPI, Fernandez, and plaintiff New Wave Electronics, Inc. (New Wave), a company wholly owned and controlled by Goodridge, with an annual salary to Goodridge of $65,000, commencing in 1981, and $40,000 per year thereafter for five years. Fernandez signed a guarantee of payment for these deferred obligations in favor of Goodridge and New Wave. The guarantee was "absolute and unconditional" without regard to, *inter alia,* "(iv) any defense, setoff or counterclaim which may at any time be available to or be asserted by [Old CPI] against Goodridge or Consultant, or (v) any other circumstance whatsoever (with or without notice to or knowledge of [Old CPI] or the Guarantor) which constitutes, or might be construed to constitute, in bankruptcy or in any other instance, an equitable or legal discharge of [Old CPI] for the Obligations or of the Guarantor under this Guarantee."

In August 1981, the Harvey Group, Inc. and its subsidiary Neboc, Inc. entered into an agreement and plan of merger

with Old CPI pursuant to which Old CPI merged into Neboc and Neboc thereafter changed its name to Components Plus, Inc. (New CPI). Under the merger agreement and the assumption agreement which the parties also entered into, Neboc agreed to assume the Old CPI obligations, to use its best efforts to cause Fernandez to be released from his guarantees, and to indemnify and hold him harmless from any and all claims by Goodridge or New Wave under the Old CPI obligations.

In September 1982, the Harvey Group ceased paying the old CPI obligations because it allegedly discovered certain "irregularities" in the way Old CPI had conducted its business during the time when Goodridge and Fernandez had been principals and shareholders. In December 1982, plaintiff Goodridge commenced an action against the Harvey Group and its subsidiary (Harvey) on the promissory note, in New York County Supreme Court, by service of a summons and motion for summary judgment in lieu of complaint. Plaintiffs Goodridge and New Wave commenced a second State court action against the same defendants for payment under the employment and consulting agreements. These actions were removed to the United States District Court for the Southern District of New York and consolidated.

The defendants in the Federal action answered and counterclaimed, joining Fernandez and Alphonse Daula, a former officer and stockholder of Old and New CPI, on the counterclaim. As an affirmative defense, and in support of its counterclaims, the defendants alleged that Goodridge and Fernandez had engaged in a criminal and fraudulent scheme to misappropriate and convert Old CPI funds, in breach of their fiduciary duty, and that the sale of Old CPI to the Harvey Group, after a Federal Grand Jury had been convened to investigate suspected corrupt practices in the military defense supply industry, had been a part of the scheme. The counterclaims assert claims for waste, mismanagement, breach of fiduciary duty, common-law fraud, breach of contract, and violations of the Federal securities laws, the Martin Act, and the Racketeer Influenced and Corrupt Organizations Act. Fernandez answered, denying participation in any alleged wrongdoing and any knowledge as to the extent of any wrongdoing by Goodridge.

In August 1984, plaintiffs Goodridge and New Wave commenced the present action against Fernandez on the guarantee. Paragraph 13 of Fernandez' answer alleges as a second affirmative defense that "[i]n the event Harvey's agreement to

indemnify defendant is held to be unenforceable by reason of fraud, then, on information and belief, such fraud was perpetrated by plaintiffs, and by virtue of such fraud, the guarantee plaintiffs are suing on is unenforceable." By third-party complaint, Fernandez impleaded the Harvey Group, which did not answer but moved to dismiss, or, alternatively, to sever and stay prosecution of the third-party claim. Fernandez cross-moved to stay the entire action and plaintiffs moved for summary judgment. The order appealed from, *inter alia,* granted the cross motion and stayed the instant case pending resolution of the consolidated Federal action.

We conclude that in the circumstances presented, based upon consideration of all the relevant factors, Special Term providently exercised its discretion to stay this action. There are overlapping, identical issues involved since plaintiffs essentially seek enforcement of the Old CPI obligations in both the State and Federal actions. Although no claim has been asserted in the Federal action on the guarantee, Fernandez has stipulated on the record that he would not object to allowing plaintiffs to amend their pleading to assert that claim. Plaintiffs would then be free to move for summary judgment in the Federal action. Contrary to the dissent, this is not a case like *Hope's Windows v Albro Metal Prods. Corp.* (93 AD2d 711 [1st Dept], *appeal dismissed* 59 NY2d 968 [1983]). There, we vacated a stay since the plaintiff was not a party to the prior Federal action, and there was no certainty that the issues to be litigated, though similar, were identical. This differs from the situation in this case, where all necessary parties are joined in both the State and Federal actions and the pleading can be amended in the latter to include the issues related to the guarantee. Moreover, both the Federal and State actions involve issues, and the presentation of proof, concerning the same alleged fraudulent scheme. The same criminal and fraudulent conduct by Goodridge asserted by Harvey in defense of the Federal action is asserted by Fernandez in defense of the present action on the guarantee. Plaintiffs' motion for summary judgment clearly called for more than an interpretation of law and could not be decided absent extensive discovery which is already under way in the Federal action.

We cannot agree with the conclusion of the dissent that Fernandez waived the defense of fraudulent inducement and is precluded from asserting it as a matter of law. In our view, the answer should be liberally construed pursuant to CPLR 3026 and, as so construed, may fairly be read to assert that

the same acts of fraud, whose discovery resulted in nonpayment of the Old CPI obligations by Harvey, induced Fernandez to sign the guarantee. A closer and more troublesome issue is presented by the contention that the substance of Fernandez' guarantee forecloses his right to assert the defense of fraudulent inducement. We are persuaded, however, that *Citibank v Plapinger* (66 NY2d 90 [1985]), relied upon by the learned dissent, does not mandate a different result here. That case is inapposite because the guarantee here, in sharp contrast to the guarantee in *Citibank,* contains no specific disclaimer of defenses available to the guarantor with respect to the guarantee. Moreover, the introduction of parol evidence to establish terms inconsistent with the written agreement is not at issue in the present case. Rather, Fernandez seeks to assert a defense based upon criminal conduct that would not ordinarily be disclosed.

Consideration of the other factors which influence the granting of a stay under CPLR 2201 similarly favor disposition of all the issues in the Federal forum. There is similarity of parties since it is not necessary that the parties in the instant action and the consolidated Federal action be identical or that the respective parties in each action assume identical positions. *(Barnes v Peat, Marwick, Mitchell & Co.,* 42 AD2d 15 [1st Dept 1973]; *Cye, Haberdashers v Crummins,* 142 NYS2d 683 [Sup Ct, NY County 1955], *affd* 286 App Div 1077 [1st Dept 1955].) The Federal action was commenced first and the Federal court has the expertise to adjudicate the issue of common-law fraud in accordance with State law. *(Proctor & Gamble Distrib. Co. v Lloyd's Underwriters,* 44 Misc 2d 872 [Sup Ct, NY County 1964].) The stay avoids the unnecessary risk of inconsistent adjudications as to the defenses asserted by both Harvey and Fernandez, respectively, in the Federal and State actions, the duplication of proof, and the consequent waste of judicial resources which would result from prosecution of the instant action. Concur—Sandler, Carro, Fein and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would reverse to deny the cross motion to stay the action.

In January 1981, plaintiff-appellant Arnold Goodridge, a principal and 50% shareholder of an electronics supply firm, Components Plus, Inc. (Old CPI), sold his interest in the company to defendant-respondent and third-party plaintiff Frank Fernandez, who became the firm's sole shareholder and principal. In exchange therefor, Old CPI made a cash payment

to Goodridge, assumed certain of his obligations, and incurred various deferred obligations. These deferred obligations included, *inter alia,* (1) payment, pursuant to an employment agreement among Goodridge, Old CPI and Fernandez, to plaintiff-appellant New Wave Electronics, Inc. (New Wave), a consulting firm wholly owned and controlled by Goodridge; (2) monthly payments to Goodridge under a promissory note issued by Old CPI in favor of Goodridge; and (3) payment to Goodridge pursuant to a consulting agreement among Old CPI, New Wave and Fernandez.

The instant action arose out of a guarantee which Fernandez executed in favor of Goodridge and New Wave to guarantee payment of the Old CPI obligations. It provided in part: *"This Guarantee shall be construed as a continuing, absolute and unconditional guarantee of payment without regard to* (i) the validity, regularity or enforceability of the Stock Purchase Agreement, the CP [Old CPI] Note, the Employment Agreement, the Consulting Agreement, or any of the Obligations * * * (iv) *any defense, setoff or counterclaim which may at any time be available to or be asserted by CP against Goodridge or Consultant,* or (v) any other circumstance whatsoever (with or without notice to or knowledge of CP or the Guarantor) which constitutes, or might be construed to constitute, in bankruptcy or in any other instance, an equitable or legal discharge of CP for the Obligations or of the Guarantor under this Guarantee." (Emphasis added.)

Fernandez later sold Old CPI to third-party defendant the Harvey Group, Inc. (Harvey), which merged Old CPI into one of its subsidiary companies, Neboc, Inc. The newly formed company retained the name of Components Plus, Inc. (New CPI). As part of the merger agreement, Harvey agreed to indemnify Fernandez on the Old CPI obligations and the guarantee.

New CPI assumed the obligations of Old CPI until September 1982, when, due to a discovery of improprieties allegedly committed by Goodridge and Fernandez while they were principals of Old CPI, it stopped making the payments on those obligations. Litigation ensued as a result of the terminated payments.

In December 1982, Goodridge and New Wave commenced actions in New York State Supreme Court based on the promissory note and the employment and consulting agreements. These were removed to the United States District Court for the Southern District of New York and consolidated

as one action. In August 1984, Goodridge and New Wave commenced the instant action against Fernandez based on his unconditional guarantee. Fernandez impleaded Harvey based on the indemnification agreement.

This appeal is from so much of an order which granted Fernandez' cross motion to stay the instant action until a final determination has been made in the pending Federal action. Special Term found the parties and circumstances surrounding the instant action to be the same as those in the Federal litigation. That court determined that resolution of the Federal action would, in effect, be dispositive of the issues in the case at bar.

The majority is affirming Special Term's stay of the instant action. I disagree based on the terms of the guarantee. None of the issues before the Federal court bears directly on this action inasmuch as the guarantee of payment, by its terms, is enforceable regardless of the enforceability of the agreements guaranteed by Fernandez. Moreover, the guarantee itself is not at issue in the Federal action. *(See, Hope's Windows v Albro Metal Prods. Corp.,* 93 AD2d 711, 712, *appeal dismissed* 59 NY2d 968.)

Fernandez contends that the guarantee was obtained by fraudulent means. Although fraud in the inducement is a defense to a guarantee or surety (57 NY Jur, Suretyship and Guaranty, § 86), it is unavailable to the guarantor where the guarantee is absolute and unconditional *(Citibank v Plapinger,* 66 NY2d 90, 92), as is the case here. Not only does the language of the instant guarantee preclude Fernandez from asserting such a defense *(Citibank v Plapinger, supra,* at p 92), but his failure to specifically raise such a defense in his answer, pursuant to CPLR 3018 (b), forecloses him from arguing the fraud defense at this juncture. Plaintiffs-appellants should therefore not be prohibited from proceeding with their motion for summary judgment on the guarantee.