Baudilio ZENO, Plaintiff,

v.

Ms. Dorothy CROPPER, J.S.C., Manhattan Supreme Court, Warden Cunningham, Warden Brooklyn House of Detention for Men, Captain Natale (SIC), Capt. of Corrections, Brooklyn House of Detention, "John Doe," Doctor for Brooklyn House of Detention, Defendants.

No. 82 CIV. 1011 (PKL).

United States District Court, S.D. New York.

Dec. 30, 1986.

Baudilio Zeno, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City (Thomas M. Beneventano, of counsel), for defendants.

LEISURE, District Judge:

Defendants Warden John Cunningham and Captain Paul Natale have moved for partial summary judgment, dismissing plaintiff's complaint against defendant Cunningham and dismissing plaintiff's claims that he was denied medical attention and was subjected to vile and abusive language. Affidavits of defendant John Cunningham, defendant Paul Natale, and Thomas M. Beneventano, Esq., counsel for defendants, were submitted in support of the motion. Defendants also submitted a Memorandum of Law and a Statement Pursuant to Rule 3(g). Plaintiff has not responded to defendants' motion.

## Discussion

Civil Rule 3(g) of the Southern District of New York "serves a valuable function" by "forcing refinement of the issues" in litigation. *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 34 n. 6 (1978). Promulgated under the general authority of Fed. R.Civ.P. 83, the local rule "elaborates on" Fed.R.Civ.P. 56(e), which requires a party responding to a motion for summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984).

Rule 3(g)[1] requires a party moving for summary judgment to submit a "separate, short and concise statement of the material facts as to which [that] party contends there is no genuine issue to be tried." Further, a party opposing such a motion is required to submit a corresponding statement of material facts "as to which it is contended that there exists a genuine issue to be tried." The failure of a moving party to comply with the rule "constitutes grounds for denial of the motion." The rule provides that if the opposing party does not submit a 3(g) statement, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted...." *See Maloney*, 726 F.2d at 84; *Zahorik v. Cornell University*, 729 F.2d 85, 91 (2d Cir. 1984) (applying rule of the Northern District of New York); *Katz v. Realty Equities Corp. of New York*, 406 F.Supp. 802, 804 (S.D.N.Y.1976); *United States v. Tinghino*, 396 F.Supp. 743, 745 (E.D.N.Y. 1975).

In administering Rule 3(g), a Court may be guided by practical considerations, and may overlook the "technical deficiency" of a party's submission. *Reisner*, supra note 1, at 1174–75 (in opposing motion, plaintiffs submitted statement of material facts as to which they alleged there was *no* genuine issue to be tried); *Landmark Land Co. v. Sprague*, 701 F.2d 1065, 1070 n. 1 (2d Cir. 1983) (prior dilatory conduct by moving party deprived it of benefit of harsh application of Rule 3(g) against party opposing motion). On the other hand, a Court may enforce Rule 3(g) strictly. *Jecies v. Matsuda*, 503 F.Supp. 580, 586 (S.D.N.Y.1980) (failure to adhere to Rule 3(g) "alone may furnish a ground for a decision in favor of defendants"). *Cf. United States v. Yonkers Board of Education*, 747 F.2d 111, 112 (2d Cir.1984) (local rules "are binding on the district judges until properly amended or repealed"). A grant of summary judg-

---

1. Before October 31, 1980, Rule 3(g) was designated as Rule 9(g) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York. *Reisner v. General Motors Corp.*, 511 F.Supp. 1167, 1174 n. 14 (S.D.N.Y.1981), *aff'd,* 671 F.2d 91 (2d Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982).

ment is inappropriate, however, when the opposing party "comes forth with affidavits or other material obtained through discovery that generates uncertainty as to the true state of any material fact...." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980).[2]

In this case, since plaintiff has not responded in any manner to defendants' motion, all material facts set forth in defendants' 3(g) statement are deemed admitted by plaintiff. Accordingly, the following facts have been established.

While incarcerated at the Brooklyn House of Detention as a pretrial detainee, plaintiff was involved on November 9, 1981, in an incident with defendant Natale and other correction officers, beginning at approximately 7:45 p.m. Although plaintiff has named many parties as defendants, he has only served defendants Cunningham and Natale. Plaintiff admits that defendant Cunningham was not personally involved in the incident which forms the basis of plaintiff's complaint. The managerial time records of the Brooklyn House of Detention reveal that defendant Cunningham departed the Brooklyn House of Detention at 6:00 p.m., approximately one hour and forty-five minutes prior to the start of the incident.

The certified copy of the hospital transfer log of the Brooklyn House of Detention for Men for the date of November 9, 1981, shows that: the control room captain was notified at 8:25 p.m. of the situation; the institutional physician at the Brooklyn House of Detention recommended that plaintiff be taken to the hospital within two hours; and plaintiff was taken by institutional ambulance to the hospital at 10:10 p.m., and returned at 2:25 a.m.

The certified copy of the Kings County Hospital medical records concerning plaintiff's treatment shows that: plaintiff arrived at Kings County Hospital at 10:36 p.m.; x-rays were taken; plaintiff suffered no fractured bones; and plaintiff had swelling near and about his eye.

"Reaching the conclusion that there are not any triable issues of fact, however, is but the first stage in deciding a motion for summary judgment." *Research Automation*, 585 F.2d at 35. The Court must next "examine the undisputed facts to determine whether they establish that 'the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). *See also* Fed.R.Civ.P. 56(e) ("If [an adverse party] does not so respond, summary judgment, *if appropriate*, shall be entered against him.") (emphasis added).

■ With respect to the personal liability under the Civil Rights Act, 42 U.S.C. § 1983, of a supervisory official such as defendant Cunningham, the rule is clear that plaintiff may not rely on the doctrine of a *respondeat superior*, but must plead and prove specific allegations of personal involvement or deliberate indifference. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). Plaintiff has failed to satisfy this requirement. Accordingly, his complaint against defendant Cunningham must be dismissed.

■ Plaintiff's claim for denial of medical treatment must also be dismissed. It has been held that the due process clause

---

**2.** It is well-established that "[a]n affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight." *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir.1983). Affidavits which make factual allegations without citing to the record are considered deficient. *International Mining Co. v. Allen & Co.*, 567 F.Supp. 777, 782 (S.D.N.Y.1983) "If facts essen-

tial to support [his] opposition are not available, the plaintiff may obtain a continuance under Rule 56(f) to permit affidavits to be obtained or discovery to be had." *Wyler*, 725 F.2d at 160. In the absence of opposing affidavits, the material factual allegations contained in the moving party's affidavits are deemed to be admitted and are accepted as true. *Matsuda*, 503 F.Supp. at 583.

of the fourteenth amendment is violated when a jailer fails promptly and reasonably to procure competent medical aid for a pretrial detainee. *Matzker v. Herr,* 748 F.2d 1142, 1147 (7th Cir.1984). But due process protection has been reserved for "injuries which are serious or which the jail authorities have reason to suspect may be serious." *Id.* at 1147 n. 3. "[W]e do not hold that minor injuries must receive hospital care to satisfy the due process clause." *Id. See also Simons v. Clemons,* 752 F.2d 1053, 1056 & n. 1 (5th Cir.1985). In this case, defendant Natale acted promptly and reasonably to procure competent medical aid for plaintiff, notwithstanding the fact that plaintiff did not suffer serious injury.

■ With respect to plaintiff's claim that he was subjected to vile and abusive language, it is established that the use of such language, "no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim." *Keyes v. City of Albany,* 594 F.Supp. 1147, 1155 (N.D.N.Y.1984).

In sum, defendants are entitled to partial summary judgment, dismissing plaintiff's complaint against defendant Cunningham as well as plaintiff's claims for denial of medical treatment and for exposure to vile and abusive language.

SO ORDERED