842 F.2d 639
 127 L.R.R.M. (BNA) 3158, 108 Lab.Cas. P 10,395,
10 Fed.R.Serv.3d 1056
 John SELLERS, Plaintiff-Appellant,
v.
M.C. FLOOR CRAFTERS, INC., Local 2287 of Resilient Floor
Coverers, New York City District Council of
Carpenters and United Brotherhood of
Carpenters and Joiners of
America, Defendants-Appellees.
 No. 480, Docket 87-7151.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 26, 1988.
Decided March 23, 1988.
 
 Rosemary C. Byrne, New York City (Cadwalader, Wickersham & Taft, New York City, of counsel) for plaintiff-appellant.
 Elliot J. Mandel, New York City (Kaufman, Frank, Schneider & Rosensweig, New York City, of counsel) for defendant-appellee M.C. Floor Crafters, Inc.
 William J. Dealy, New York City (Lawrence H. Stone, Manning, Raab, Dealy & Sturm, New York City, of counsel), for defendants-appellees Local 2287 of Resilient Floor Coverers, New York City Dist. Council of Carpenters and United Broth. of Carpenters and Joiners of America.
 Before OAKES, NEWMAN and MINER, Circuit Judges.
 MINER, Circuit Judge:
 
 
 1
 Plaintiff-appellant John Sellers appeals from a judgment of the United States District Court for the Eastern District of New York (Costantino, J.), granting summary judgment in favor of defendants-appellees because of Sellers' failure to exhaust union grievance procedures. We reverse. First, the district court failed to advise Sellers, a pro se litigant, of the nature, procedures and consequences of a motion for summary judgment before granting the motion in defendant's favor. Second, the district court improperly relied on the hearsay affidavit of counsel for defendant-appellee M.C. Floor Crafters, Inc. in granting the motion.
 
 BACKGROUND
 
 2
 On October 10, 1985, plaintiff-appellant Sellers commenced this action in New York State Supreme Court, Kings County, for money damages against defendant-appellee M.C. Floor Crafters, Inc. ("Floor Crafters") and the three named unions (collectively the "Unions"). At that time, Sellers had retained counsel. In his verified complaint, Sellers alleges that he was a member of the Unions, and that in or about 1975, the Unions sent him to Floor Crafters as a carpet layer. Sellers claims that he performed work for Floor Crafters as a union member from 1975 to approximately April 23, 1982. Sellers charges that Floor Crafters failed to pay, and the Unions failed to collect, contributions that Floor Crafters was obligated to make on Sellers' behalf, and that Floor Crafters knowingly and wrongfully withheld wages and overtime pay from him and failed to pay medical insurance premiums on his behalf. Sellers claims that on or about April 23, 1982, he applied for certain union benefits, but the Unions refused to pay because Floor Crafters was not a union employer. Sellers also charges that the Unions knew or should have known that Floor Crafters was a union employer or, in the alternative, breached a duty to warn him that Floor Crafters was non-union.[1] Finally, Sellers alleges that Floor Crafters maliciously represented itself to be a union employer in order to induce him to accept employment.
 
 
 3
 The Unions removed the state action to the Eastern District, on the ground that the matter was within the federal courts' exclusive jurisdiction under the Labor Management Relations Act of 1947, see 29 U.S.C. Sec. 185.
 
 
 4
 On March 13, 1986, the court granted the application of Sellers' attorney to be relieved. On April 9, 1986, the court granted Sellers' application for appointment of counsel. On May 12, 1986, however, the appointed counsel declined the court's request in a three-page letter to the court because of "other professional commitments."
 
 
 5
 In December 1986, Floor Crafters moved for judgment on the pleadings, or, in the alternative, for summary judgment, asserting, for the first time, that Sellers had failed to exhaust the Unions' grievance procedures. Floor Crafters also claimed that the action was time-barred, a defense which it had raised in its answer to the complaint. In support of its motion and contention that Sellers had failed to exhaust union grievance procedures, Floor Crafters submitted the affidavit of its counsel, Arthur R. Kaufman, which was "based on personal knowledge or upon information and belief as to matters conveyed to [him] by [Floor Crafters]." Sellers, then pro se, did not submit any papers in opposition to the motion.
 
 
 6
 On January 12, 1987, the court held a hearing on the motion. At the outset, the court announced its decision to grant defendant's motion for judgment on the pleadings because Sellers had failed to exhaust the Unions' grievance procedures. It appears that the district court considered the failure to exhaust to be a jurisdictional bar, for the court stated that exhaustion "is a pre-requisite before you come into my court.... Until you [exhaust the Union procedures] this Court has no jurisdiction." The court advised Sellers to file grievances with the Unions. Sellers stated that he had been "getting their runaround." The court responded, "I don't doubt that either," but did not pursue this line of inquiry any further. Nor did the court inquire whether Sellers wished to present any evidence in opposition to the motion. The court did not discuss the statute of limitations issue.
 
 
 7
 Sellers, now represented by counsel, appeals the judgment.
 
 DISCUSSION
 
 8
 As a threshold matter, we must determine whether the court granted defendant's motion for judgment on the pleadings or defendant's motion, in the alternative, for summary judgment. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. See National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987). Under Fed.R.Civ.P. 12(c), the court may consider, "in its discretion and upon notice to all parties," materials outside the pleadings. Falls Riverway Realty v. City of Niagara Falls, 754 F.2d 49, 53 (2d Cir.1985). If it does so, however, the motion is treated as one for summary judgment under Fed.R.Civ.P. 56. Id. at 53-54. In this case, it is apparent from the pleadings that the court granted summary judgment: The sole reason announced by the court for granting judgment in favor of defendants--Sellers' failure to exhaust union grievance procedures--was never pleaded by defendants,[2] but was brought to the court's attention by way of matters outside the pleadings. Thus, the court actually granted summary judgment.
 
 
 9
 Having determined that the court actually granted summary judgment, we find that the district court erred in granting the defendant's motion. The court never advised Sellers, who represented himself at the hearing on the motion, despite the court's repeated attempts to obtain appointed counsel,[3] of the nature, procedures and consequences of a motion for summary judgment. A pro se party "is entitled to notice of the consequences of failing to respond to a motion to dismiss or for judgment on the pleadings which is being treated as a motion for summary judgment." Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir.1983). If the district court does not so inform the pro se party, and the pro se party fails to respond to the motion, the court may not grant judgment for the moving party, particularly on an unpleaded defense. Satchell v. Dilworth, 745 F.2d 781, 784-85 (2d Cir.1984) (court erred in granting summary judgment for defendant on grounds of qualified immunity where defendant failed to raise immunity as an affirmative defense). Here, the court never advised Sellers of the consequences of failing to respond to Floor Crafters' motion, perhaps because the court did not realize that it was granting summary judgment, rather than judgment on the pleadings. In any event, the court's failure to do so is grounds for reversal. Id.; Maggette, 709 F.2d at 802-03; see Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 767-68 (2d Cir.1983).
 
 
 10
 Moreover, Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge, Schiess-Froriep Corp. v. S.S. Finnsailor, 574 F.2d 123, 126 (2d Cir.1978), and a hearsay affidavit is not a substitute for the personal knowledge of a party, Chandler v. Coughlin, 763 F.2d 110, 113-14 (2d Cir.1985); United States v. Bosurgi, 530 F.2d 1105, 1111-12 (2d Cir.1976). While Rule 56(e) defects normally are waived where the party opposing the summary judgment motion fails to make a motion to strike before the district court, In re Teltronics Services, Inc., 762 F.2d 185, 192 (2d Cir.1985), a party's failure to make a motion to strike has not precluded an appellate court from entertaining Rule 56(e) objections where the district court purports to dismiss the action other than through summary judgment, see, e.g., Chandler, 763 F.2d at 113-14. Floor Crafters' allegation that Sellers failed to exhaust appears only in the affidavit submitted by Arthur Kaufman, counsel for Floor Crafters. Kaufman's affidavit states that it is based on "personal knowledge or upon information and belief as to matters conveyed to [him] by [Floor Crafters]" (emphasis added). Because there is no way to ascertain which portions of Kaufman's affidavit were based on personal knowledge, as opposed to information and belief, the affidavit is insufficient under Rule 56 to support the motion for summary judgment.
 
 CONCLUSION
 
 11
 Based on the foregoing, we reverse and remand for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 At oral argument, defendants asserted that Sellers was employed not by Floor Crafters, but by various non-union employers. Sellers' counsel responded that Sellers was employed by Floor Crafters, but was "farmed out" by Floor Crafters to non-union employers. While Sellers' complaint does not explicitly state this theory, we believe that the complaint's allegations of fraud and the assertion that he worked for Floor Crafters throughout the relevant time period are sufficient to cover this theory
 
 
 [2]
 Failure to exhaust union grievance procedures is an affirmative defense, Johnson v. General Motors, 641 F.2d 1075, 1079 (2d Cir.1981), not a jurisdictional bar. Generally, if an affirmative defense is not pleaded, it is waived and excluded from the case. See Satchell v. Dilworth, 745 F.2d 781, 784 (2d Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure Sec. 1278, at 339 (1969). Defendants here failed to do so and may be precluded from obtaining summary judgment as a consequence of that failure. However, we need not reach that issue in light of our disposition of this case
 
 
 [3]
 Plaintiff's counsel has represented to us that the district court attempted to secure appointed counsel for Sellers from the Eastern District's pro bono panel no fewer than eight times. We note that all attorneys have an ethical obligation to undertake pro bono work, and we find eight passes from members of the pro bono panel to be particularly disappointing