**Lawrence SCHNEIDER and Philip Sassower, Plaintiffs,**

v.

**OG & C CORPORATION, Leslie Mersky, and Arthur Tuchinsky, Defendants.**

No. 87 Civ 7828 (KC).

United States District Court, S.D. New York.

May 24, 1988.

Herman Sassower, Bell, Kalnick, Berkman, Klee & Green, New York City, for plaintiffs.

Arthur Tuchinsky, Narberth, Pa., Leslie Mersky, Les Mersky Associates, Philadelphia, Pa., for defendants.

CONBOY, District Judge:

This action, brought under the grant of diversity jurisdiction, 28 U.S.C. § 1332(a)(1) (1982), involves a default on a loan made by the plaintiffs to defendant OG & C Corporation ("OGC").[1] Defendants Leslie Mersky and Arthur Tuchinsky co-guaranteed the loan to the corporation.[2] On October 20, 1987, plaintiffs' counsel made a written demand of the corporate borrower, and a written demand of Mersky and Tuchinsky, in accordance with their respective personal guaranties. None of the defendants paid plaintiffs. The action is before the court on plaintiffs' motion, pursuant to Fed.R.Civ.P. 56, for summary judgment against the individual defendants, as guarantors.

## LEGAL ANALYSIS

Preliminarily, the court rejects plaintiffs' assertion that "the Second Circuit and this Court have held that the failure of a party opposing summary judgment to submit [a statement of material facts in issue, pursuant to Civil Rule 3(g) of the Local Rules For the United States District Courts For the Southern and Eastern Districts of New York], in direct violation of the local rule, mandates granting of a motion for summary judgment." Plaintiffs' Reply Memorandum of Law in Support of Partial Summary Judgment at 3. The cases cited by plaintiffs support only the more limited proposition that under such circumstances all of the facts set forth in the Rule 3(g) statement[3] of the party moving for summary judgment must be deemed admitted. *See Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir.1984) (per curiam); *Woods v. New York,* 469 F.Supp. 1127, 1129 n. 2 (S.D.N.Y.), *aff'd mem.,* 614 F.2d 1293 (2d Cir.1979); *Katz v. Realty Equities Corp.,* 406 F.Supp. 802, 804 (S.D. N.Y.1976); *Blossom Farm Prods. Co. v. Amtraco Commodity Corp.,* 64 F.R.D. 424, 428 (S.D.N.Y.1974). The court must

---

**1.** The corporation was named incorrectly in the loan documents. It actually is titled O.G.C. Corp. *See* Answer of Leslie Mersky, dated Dec. 1, 1987, at para. 2.

**2.** A third co-guarantor, Larry Willis, has been sued separately in this district by the plaintiffs. *See Schneider v. Willis,* No. 87 Civ. 8341 (SWK). The effect of Willis's absence on this action is discussed *infra* in the text at 1272.

**3.** "Before October 31, 1980, Rule 3(g) was designated as Rule 9(g) of the General Rules of the United States District Courts For the Southern and Eastern Districts of New York." *Zeno v. Cropper,* 650 F.Supp. 138, 139 n. 1 (S.D.N.Y. 1986).

then determine whether those facts are sufficient to warrant the grant of summary judgment. *See Maloney,* 726 F.2d at 84; *Woods,* 469 F.Supp. at 1129–34.[4]

The court declines to decide the question, apparently left open, whether this rule can be applied to parties appearing *pro se*[5] who might be unaware of the local rule. *See SEC v. Research Automation Corp.,* 585 F.2d 31, 32, 34 (2d Cir.1978) (noting only that the *pro se* party submitting an affidavit in opposition to a motion for summary judgment failed to file the statement required by the local rule, and that "there [wa]s every indication that [he] could not have" met the obligation to raise material facts creating a genuine issue for trial); *Woods,* 469 F.Supp. at 1128 n. 1 (holding attorney appearing *pro se* "to the same standards as other attorneys appearing before the Court"); *cf. Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642–43 (2d Cir.1988) (reversing grant of summary judgment against *pro se* litigant because the district court failed to advise him "of the nature, procedures and consequences of a motion for summary judgment"). The point is moot, because plaintiffs have submitted documentary evidence of the facts they seek to have deemed true.

The following facts are established by the evidence presented: First, that on July 22, 1987, OGC executed and delivered to plaintiffs in New York a promissory note and security agreement. The promissory note, in the amount of $275,000.00, was made payable to the order of plaintiffs jointly on the ninetieth day from the date of the note, October 20, 1987. *See* Affidavit of Philip Sassower, executed Jan. 29, 1988, at Exhibit D. Second, that on July 23, 1987, and July 22, 1987, Mersky and

Tuchinsky, respectively, each executed a personal continuing guaranty of the corporation's note. The guaranties state that they "shall be governed by the internal laws of the State of New York without regard to any conflicts of law provisions of that State." *See generally id.* Exhibits E & F. Third, that on July 22, 1987, plaintiffs executed checks totalling the amount of the loan in favor of OGC. *See id.* Exhibit G. Fourth, that on October 20, 1987, plaintiffs duly demanded payment of the note from OGC. *See id.* Exhibit H. Fifth, that on October 20, 1987, plaintiffs duly demanded payment from the guarantors, Mersky and Tuchinsky, pursuant to the terms of their guaranties. *See id.* Exhibit I. Sixth, that the plaintiffs have sued the guarantors for sums due pursuant to their guaranties, and that the guarantors deny that they owe the plaintiffs any money. *See id.* Exhibit A; Exhibit B at para. 6; Exhibit C at para. 6. Other facts are discussed as necessary.

By their answers to the complaint, Mersky and Tuchinsky raise, generally, two types of defenses. First, they challenge the validity of the obligation of the principal debtor, OGC. *See* Sassower Jan. 29 Aff. Exhibits B & C (interposing defenses of lack of good faith, failure of consideration, fraud, breach of the loan agreement, and material alteration of the original obligation). Second, they challenge the validity of their own obligations. *See id.* (interposing defenses of fraud, failure of consideration, discharge, failure to name co-guarantor, and release).

The guarantors also submitted affidavits in opposition to plaintiffs' summary judgment motion. The affidavits[6]

---

4. The failure of the *moving* party to comply with Civil Rule 3(g) of the Local Rules "constitutes grounds for denial of the motion." *Zeno v. Cropper,* 650 F.Supp. 138, 139 (S.D.N.Y.1986) (quoting Rule 3(g)).

5. Plaintiffs have argued that the papers presented on behalf of the individual defendants (answers to the complaint, affidavits and memoranda in opposition to the motion for summary judgment) evidence professional assistance. While that may be true, there is no evidence that the defendants, residents of Pennsylvania,

*see* Answer of Leslie Mersky at para. 3; Answer of Arthur Tuchinsky at para. 4, received the assistance of counsel familiar with the local rules of this court.

6. Though the affidavits do not recite that they are made on personal knowledge, as Fed.R. Civ.P. 56(e) mandates, the content of the affidavits demonstrate that the affiants have personal knowledge of the facts they state. Thus, they comport with Rule 56(e). *See Copiers Typewriters Calculators, Inc. v. Toshiba Corp.,* 576 F.Supp. 312, 315–16 (D.Md.1983).

stress plaintiffs' alleged fraudulent misrepresentations to OGC and the guarantors during the negotiations between the parties. In substance, defendants assert that plaintiffs defrauded the corporation and the guarantors by stating falsely that they were not negotiating [7] simultaneously with a competitor of OGC, New Park Resources, Inc., for a business deal similar to one plaintiffs were negotiating with OGC.[8] The proposed, purportedly exclusive, deal motivated the making of the loan to OGC.

■ As to the defenses involving the validity of OGC's obligation as principal debtor, the guaranties state unequivocally that

[t]he liability of the [guarantor] shall not be affected by (i) any lack of enforceability of any of the Obligations [of the principal debtor], ... (IV) release of any obligor or guarantor, whether signatory hereto or otherwise, ... and (vii) any other circumstance which might constitute a defense available to, or a discharge of, the Debtor or of any other obligor or guarantor with respect to any of the Obligations [under the promissory note and security agreement].

....

This Guaranty shall be construed as a continuing, absolute and unconditional guaranty of payment without regard to the validity, regularity or enforceability of any of the Obligations [of the principal debtor],....

Sassower Jan. 29 Aff. Exhibits E at 2-3 & F at 2-3. By the unqualified language of the guaranties given by Mersky and Tuchinsky, even if OGC is able to escape liability for the principal debt, the guaranties are still enforceable against Mersky and Tuchinsky.[9] *See Manufacturers Hanover Trust Co. v. Green,* 95 A.D.2d 737, 737, 464 N.Y.S.2d 474, 475-76 (1st Dep't 1983) *(mem.); Bank of N. Am. v. Shapiro,* 31 A.D.2d 465, 466, 298 N.Y.S.2d 399, 401 (1st Dep't 1969).

Mersky and Tuchinsky also allege defenses that pertain to their guaranties, rather than OGC's obligations. The defenses of failure to join the co-guarantor, Willis, and release are rejected as meritless. The defendants specifically waived those defenses in their guaranties. *See supra* at 1272 (quoting the guaranties).

■ The defendants emphasize the defense of fraudulent inducement in their papers in opposition to plaintiffs' summary judgment motion. Plaintiffs rely on *Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 485 N.E.2d 974, 495 N.Y.S.2d 309 (1985), for the proposition that the guarantors are foreclosed from asserting fraud in the in-

---

7. According to the guarantors' affidavits, during the negotiations, in response to a "specific inquiry" made by Mersky, plaintiff Schneider stated that plaintiffs "were not negotiating simultaneously with New Park Resources, Inc. ... for a business deal similar to that being negotiated with OGC, nor was it contemplated that they would be negotiating with New Park [while considering dealing with OGC]." Mersky Aff. at para. 4; *see* Tuchinsky Aff. at para. 4. The part of the statement regarding plaintiffs' future actions would be actionable by itself under these circumstances. *See Sabo v. Delman,* 3 N.Y.2d 155, 158-60, 143 N.E.2d 906, 907-08, 164 N.Y.S.2d 714, 715-17 (1957). In *Sabo,* the Court of Appeals stated:

While [m]ere promissory statements as to what will be done in the future are not actionable, it is settled that, if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of a material existing fact upon which an action for rescission [based on fraudulent inducement] may be predicated.

*Id.* at 160, 143 N.E.2d at 908, 164 N.Y.S.2d at 716 (brackets added, quotations omitted, citation omitted). As the Court of Appeals later explained, a representation of present fact must be collateral to, and the inducement for, the contract. *See Deerfield Communications Corp. v. Cheesebrough-Ponds, Inc.,* 68 N.Y.2d 954, 956, 502 N.E.2d 1003, 1004, 510 N.Y.S.2d 88, 89 (1986) *(mem.).* Schneider's alleged statement meets this criterion.

8. Plaintiffs closed the transaction with New Park Resources, Inc. on December 30, 1987. *See* Sassower Mar. 17 Reply Aff. Exhibit E.

9. As Mersky and Tuchinsky are sophisticated businessman, *see* Mersky Aff. at para. 2; Tuchinsky Aff. at para. 2, who engaged in negotiations with plaintiffs over the terms of the guaranties, *see* Mersky Aff. at para. 4; Tuchinsky Aff. at para. 4, the court has no hesitation about holding them to the specific, non-boilerplate terms of the guaranties. *See Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 95, 485 N.E.2d 974, 976-77, 495 N.Y.S.2d 309, 311-12 (1985).

ducement. In *Plapinger,* the New York Court of Appeals stated that

> [f]raud in the inducement of a guarantee ... is not a defense to an action on the guarantee when the guarantee recites that it is absolute and unconditional *irrespective of any lack of validity or enforceability of the guarantee, or any other circumstance which might otherwise constitute a defense available to a guarantor in respect of the guarantee,* those recitals being inconsistent with the guarantors' claim of reliance upon an oral representation....

*Id.* at 92, 485 N.E.2d at 974, 495 N.Y.S.2d at 309 (emphasis added); *see also id.* at 95, 485 N.E.2d at 977, 495 N.Y.S.2d at 312 (quoting the guaranty). Plaintiffs contend the language of Mersky and Tuchinsky's guaranties is similar, so that they are foreclosed from offering the defense. The court cannot agree.

The First Department of the Appellate Division distinguished *Plapinger* in a 1986 decision. *See Goodridge v. Fernandez,* 121 A.D.2d 942, 945, 505 N.Y.S.2d 144, 147 (1st Dep't) (*mem.*) ("the guarantee here, in sharp contrast to the guarantee in *Citibank,* contains no specific disclaimer of defenses available to the guarantor with respect to the guarantee"), *motion for reargument or leave to appeal denied,* No. M–4091, slip op. (1st Dep't Sept. 25, 1986). The language of the guaranty that the court relied on in *Fernandez* mirrors the language of the guaranties at issue in this action. *Compare Fernandez,* 121 A.D.2d at 946, 505 N.Y.S.2d at 147–48 (Kupferman, J., dissenting) (emphases deleted, ellipsis in original):

> This Guarantee shall be construed as a continuing, absolute and unconditional guarantee of payment without regard to (i) the validity, regularity or enforceability of the [principal obligations], ... (iv) any defense, setoff or counterclaim which may at any time be available to or asserted by [the debtor] against [the creditors], or (v) any other circumstance

whatsoever (with or without notice to or knowledge of [the debtor] or the Guarantor) which constitutes, or might be construed to constitute, in bankruptcy or in any other instance, an equitable or legal discharge of [the debtor] for the Obligations or of the Guarantor under this Guarantee.

*with* Sassower Jan. 29 Aff. Exhibits E at 3–4 & F at 3–4:

> This Guaranty shall be construed as a continuing, absolute and unconditional guaranty of payment without regard to the validity, regularity or enforceability of any of the Obligations [of the principal debtor], ... and without regard to any defense, set-off or counterclaim which may at any time be available to or be asserted by the Debtor against Lender and which constitutes, or might be construed to constitute, an equitable or legal discharge of the Debtor for any of the Obligations, or the undersigned [guarantor] under this Guaranty, in bankruptcy or in any other instance....

*Fernandez* controls this case. While the guarantors waived defenses based on the principal obligation, they did not waive defenses based on their guaranties.[10]

Plaintiffs object that Mersky and Tuchinsky fail to submit "evidentiary facts" to controvert their showing, and that the defendants "have now concocted a claim, in the vaguest terms, that they were somehow defrauded into executing the guarantee [sic]." *See* Reply Affidavit Of Philip Sassower, executed Mar. 17, 1988, at paras. 2, 7. The fact is that Mersky's affidavit is based on personal knowledge. *See supra* footnote 6. Mersky offers parol evidence in support of the claim of fraudulent inducement.

 As this is a diversity action, this court, sitting in New York, looks to New York's choice-of-law rules to determine whether and to what extent the parties' contractual choice, for New York law, should be honored. *Woodling v. Garrett*

---

**10.** *Goodridge v. Fernandez* has added weight in that Justice Carro, who sat on the panel, *see* 121 A.D.2d at 945, 505 N.Y.S.2d at 145, had participated in *Citibank, N.A. v. Plapinger* when that

case was before the Appellate Division, First Department. *See* 107 A.D.2d 627, 628, 484 N.Y. S.2d 547, 548 (1st Dep't) (*mem.*), *aff'd,* 66 N.Y.2d 90, 485 N.E.2d 974, 495 N.Y.S.2d 309 (1985).

*Corp.*, 813 F.2d 543, 551 (2d Cir.1987). Because New York has a substantial relationship to the parties and to performance, the court must honor the parties' choice insofar as matters of substance are concerned. *See id.; A.S. Rampell, Inc. v. Hyster Co.*, 3 N.Y.2d 369, 381, 144 N.E.2d 371, 379, 165 N.Y.S.2d 475, 486 (1957). The parol evidence rule is considered to be a matter of substance by New York conflicts law. *See Garrett Corp.*, 813 F.2d at 552; *Smith v. Bear*, 237 F.2d 79, 83 (2d Cir.1956).

■ Because the defendants allege fraudulent inducement to contract as guarantors, the parol evidence rule is not a bar. "[T]he fraudulent representation which forms the basis of defendant[s'] affirmative defense is not specifically contradicted by any of the detailed representations or warranties contained in the agreement." *Hobart v. Schuler*, 55 N.Y.2d 1023, 1024, 434 N.E.2d 715, 716, 449 N.Y.S.2d 479, 480 (1982) *(mem.); see Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 320–21, 157 N.E.2d 597, 598–99, 184 N.Y.S.2d 599, 601–02 (1959).

■ Affidavits made on personal knowledge and containing admissible evidence are probative under Fed.R.Civ.P. 56(e). *See Echaide v. Confederation of Can. Life Ins.*, 459 F.2d 1377, 1381 n. 5 (5th Cir.1972) (dictum); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir.1972); *Applegate v. Top Assocs.*, 425 F.2d 92, 97 (2d Cir. 1970); *United States ex rel. Sacks v. Philadelphia Health Management Corp.*, 519 F.Supp. 818, 823 (E.D.Pa.1981). Therefore, there is a triable issue of fact whether the guarantors were fraudulently induced to execute their guaranties. The court must abide by "the fundamental maxim ... that on a motion for summary judgment [it] 'cannot try issues of act; it can only determine whether there are issues to be tried.'" *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987) (quoting *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975)).

■ There is an exception to this rule. The court could now pass on the credibility of the affiants if the evidence tendered by them is too incredible to be accepted by reasonable minds. *See X (Smith) v. Smith*, 578 F.Supp. 1373, 1374–75 (E.D.Pa. 1984); *Butler v. Bensinger*, 377 F.Supp. 870, 874 (N.D.Ill.1974). Such circumstances have not been shown to exist. A reasonable mind could accept that Mersky and Tuchinsky only agreed to guarantee OGC's indebtedness if they were satisfied that the lenders, acting for the purpose of exploring the possibility of acquiring a majority equity position in OGC, *see* Mersky Aff. Exhibit IIIb (letter from plaintiffs to the guarantors indicating that plaintiffs were considering acquiring sixty-six and two-thirds of OGC's outstanding shares), were not simultaneously exploring a similar deal with another company.

Plaintiffs argue that their ongoing negotiations with New Park Resources, Inc., which apparently preceded the negotiations with OGC, "were widely publicized prior to July 22, 1987," citing an article that appeared in the July 9, 1987 edition of the *New Orleans Times—Picayune*. *See* Sassower Mar. 17 Reply Aff. at para. 7 & Exhibit D. That article states that "a preliminary agreement had been reached [between Sassower and other investors and New Park Resources,]" in June, 1987. *Id.* Exhibit D. The implication is that the defendants obviously have fabricated their assertions. The court does not accept this as the only possible inference from the facts. First, the alternative deal could have fallen apart. Second, plaintiffs could have stated fraudulently that the negotiations with New Park Resources had collapsed and would not resume.[11] Granting the parties opposing the summary judgment motion the benefit of all reasonable inferences, and resolving all ambiguities in their favor, as the court is obligated to do, *see, e.g., United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *Donahue*, 834 F.2d at

**11.** It is debatable that the defendants, Pennsylvania residents, were even aware of the newspa- per article.

57; *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987), the court concludes that Mersky and Tuchinsky's affidavits are not so incredible as to require rejection by reasonable minds. Thus, a triable issue of fact exists.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment against defendants Mersky and Tuchinsky is denied.