11-4036-cv(L)
Oluyomi v. Napolitano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges*.

-----------------------------------------------------------------------

ALABA OLUYOMI,
                    *Plaintiff-Appellant*,

          v.                                          Nos.  11-4036-cv(L);
                                                            11-4097-cv(CON)

JANET NAPOLITANO, SECRETARY, DEPARTMENT
OF HOMELAND SECURITY, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,
                    *Defendants-Appellees*.
-----------------------------------------------------------------------

FOR APPELLANT:          Alaba Oluyomi, *pro se*, Lawrenceville, New Jersey.

FOR APPELLEES:          James Nicholas Boeving, Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gabriel W. Gorenstein, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 11, 2011, is AFFIRMED.

In these consolidated cases, Alaba Oluyomi, an African American man of Nigerian descent, appeals pro se from an award of summary judgment against him—and from the denial of his own cross-motion for summary judgment—on his Title VII claims of unlawful discrimination and retaliation relating to his being denied a pair of promotions and suspended twice from his position as an adjudication officer with the Naturalization Unit in the New York Field Office of United States Citizenship and Immigration Services in the Department of Homeland Security. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

We review decisions on cross-motions for summary judgment de novo, examining each party's motion "on its own merits" and drawing all permissible inferences "against the party whose motion is under consideration." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011). We will uphold the district court's ruling only if the record reveals "no genuine dispute as to any material fact" and the prevailing party's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). Having conducted an independent review of the record in light of these principles, we affirm the grant of summary judgment to defendants for substantially the reasons stated by Magistrate Judge Gorenstein in his thorough and well-reasoned opinion. See Oluyomi v. Napolitano, 811 F. Supp. 2d 926 (S.D.N.Y. 2011).

Oluyomi's arguments on appeal do not alter our conclusion. Oluyomi contends that the district court failed to "accept" or "consider" the evidence he submitted in support of his opposition and cross-motion below, because the magistrate judge "did not make clear" that Oluyomi's belated Local Rule 56.1 statement and declaration attesting to the authenticity of his exhibits were filed as of April 14, 2011, the date he originally submitted his motion papers, rather than on August 10, 2011, the date that appears on the docket sheet. This argument is meritless. The district court's opinion specifically states that, by submitting the declaration and 56.1 statement in August 2011, Oluyomi had "cur[ed] the defects of his previous motion." Id. at 930. The opinion thereafter references and relies upon Oluyomi's various exhibits. See id. at 942–47. Moreover, our own independent review reveals no evidence adduced by Oluyomi that raises a triable issue of fact on whether defendants' proffered reasons for their challenged promotion and suspension decisions were pretexts for unlawful discrimination or retaliation.

Oluyomi argues that two co-workers' affidavits support his position that defendants' justifications for not promoting him to the Senior Adjudication Officer (Temporary) position were pretextual. But in their affidavits, both co-workers conceded that they played no part in the hiring process for that position and, thus, that they lacked personal knowledge of both the selection criteria and the specifics of Oluyomi's interview. See Fed. R. Civ. P. 56(c)(4) (requiring that affidavit supporting or opposing summary judgment motion be made on personal knowledge); accord Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988).

3

Finally, because summary judgment was proper regarding Oluyomi's claim that his one-day suspension was the product of illegal discrimination or retaliation, his argument that the ensuing 14-day suspension cannot be legal, as it was based on his disobeying the conditions of a prior unlawful suspension, fails as a matter of law.

We have considered all of Oluyomi's remaining arguments and find them to be without merit.  The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court