David BROOKS, Plaintiff,

v.

M. MILES, et al., Defendants.

No. 98CIV5763RMBTHK.

United States District Court,
S.D. New York.

June 29, 2001.

David Brooks, Beacon, NY, pro se.

Nancy L. Eisenstein, Dennis C. Vacco, Atty. Gen. of State of N.Y., New york City, for defendants.

## DECISION AND ORDER

BERMAN, District Judge.

## I. Background

*Pro Se* Plaintiff David Brooks ("Plaintiff" or "Brooks") filed a complaint on or about August 13, 1998, pursuant to 42 U.S.C. § 1983, in which he asserted claims of retaliation and deprivation of due process while incarcerated at Fishkill Correctional Facility. Plaintiff alleges that prison officials retaliated against him for his in-class complaints concerning a lack of teacher assistance, and that prison officials failed to assist him in identifying potential witnesses to testify at his disciplinary hearing.

On or about December 17, 1999, defendants Melissa Miles, a teacher at Fishkill Correctional Facility, Linda Hollmen, a prison education supervisor, Sergeant Clark, Lieutenant Kendall W. Garrett, and Deputy Superintendent Robert Ercole (collectively "Defendants") filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not respond to Defendants' motion. On May 9, 2001, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a report and recommendation ("Report"), recommending that Defendants' motion for summary judgment be granted, and that Plaintiff's action be dismissed with prejudice (Report at 21). The Report finds that the retaliation claim is not viable as, "Brooks has put forward no evidence on which a finder of fact could reasonably conclude that he was disciplined simply because he requested assistance in class." (Report at 17). The Report also rejects Plaintiff's due process claim as, "plaintiff has not offered any evidence to support the conclusion that a period of 20 days in keeplock resulted in an atypical or significant hardship." (Report at 20). The Report advises that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of the Report to file written objections (Report at

21). None of the parties has, as of this date, filed objection to the Report or requested an extension of time. **For the reasons set forth below, the Court adopts the Report in its entirety and grants Defendants' motion for summary judgment.**

## II. Standard of Review

This Court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous. *See* Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Letizia v. Walker*, No. 97 Civ. 0333E, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998); *Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y.1991); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). Where, as here, plaintiff is *pro se*, "leniency is generally accorded . . ." *Bey v. Human Resources Admin.*, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

Summary judgment is appropriate when the submissions of the parties, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *American Casualty Co. of Reading, Pennsylvania v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The *pro se* litigant must be apprised of the consequences of failing to respond to the motion for summary judgment. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988).[1]

## III. Analysis

The Court has reviewed the Report and finds that it is neither contrary to law nor clearly erroneous. The Court adopts the Report in its entirety.

## IV. Conclusion

For the reasons set forth above, the Court grants Defendants' motion for summary judgment and the case is dismissed with prejudice. The Clerk is respectfully requested to close the case.

---

1. Defendants' notice of motion, dated December 17, 1999, stated, among other things, "If you do not respond, summary judgment, if appropriate, may be entered against you. If summary judgment is entered against you, your case will be dismissed and there will be no trial."