# GOVERNMENT OF THE VIRGIN ISLANDS IN THE MATTER OF THE APPLICATION OF THE DEPARTMENT OF HUMAN SERVICES FOR THE TEMPORARY CARE, CUSTODY AND CONTROL OF R.F., Minor

Family Division Custody No. 31/1996

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

September 20, 2005

DOUGLAS L. DICK, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, U.S.V.I. *Attorney for the Government*

GEORGE H.T. DUDLEY, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, U.S.V.I., *Guardian ad litem for the Minor*

KENDALL, *Judge*

## MEMORANDUM AND OPINION

(September 20, 2005)

THIS MATTER is before the Court on Attorney George Dudley's "Motion for Substitution of Counsel" and "Motion to Stay Order of the Superior Court" pending appeal of this Court's Order dated June 16, 2005. The Government has filed an "Informational Motion" noting, *inter alia*, that the appeal does not "involv[e] either the minor or the

Government." The Court will treat the Government's Motion as a declination to either oppose or join in the "Motion to Stay" and, based upon the reasons set forth below, both Motions will be denied.

## I. Factual Background.

On October 22, 1996, the Government filed a Petition to have the minor R.F. placed in the custody of the Department of Human Services because she was in danger of abuse and neglect. By Order dated November 7, 1996, the Court appointed Attorney Henry Carr, III to serve as Guardian *ad litem* for the minor. Attorney Carr served in that capacity until January, 2002 when, by Order dated January 29, 2002, the Court entered an "Order Appointing Counsel" in which it relieved him of further responsibility in the matter and appointed Attorney George Dudley as Guardian *ad litem* for the minor.

On January 31st, 2002, Attorney Paula Norkaitis, an associate in the law firm "Dudley, Topper and Feuerzeig, LLP" filed a "Notice of Appearance" with the Court as Guardian *ad litem* for the minor R.F. No "Motion for Substitution of Counsel" was filed by either Attorney Norkaitis or Attorney Dudley nor was there any Order by the Court approving the *de facto* substitution or appointing Attorney Norkaitis as Guardian *ad litem* for the minor. Attorney Norkaitis appeared on behalf of the minor during several hearings until her last appearance on April 7, 2003.

On October 6, 2003, Attorney A.J. Stone, another associate in the firm of Dudley, Topper and Feuerzeig, filed a "Notice of Appearance" as Guardian *ad litem* for the minor. Again, no "Motion for Substitution of Counsel" was filed by either Counsel nor was there any Order by the Court approving the substitution. Attorney Stone represented the minor until December 20, 2004 when Attorney Clay Travis, also an associate in the firm, appeared on behalf of the minor during a review hearing without even filing a "Notice of Appearance" or "Motion for Substitution of Counsel."

The undersigned was assigned to the Family Division effective September 1, 2004 and first heard the case on December 20, 2004. The matter was continued to May 2, 2005 for review.

Upon a closer review of the record in preparation for the May 2, 2005 hearing, the Court became aware that Attorney George Dudley had never been relieved of his responsibility to represent the minor. When the case

was called, the Court questioned Attorney Travis about Attorney Dudley's whereabouts and was advised that he was in his office. Because he was improperly before the Court, Attorney Travis was directed to contact Attorney Dudley and advise him to appear in Court to represent the minor as previously Ordered. The matter was passed pending his appearance.

When Attorney Dudley appeared, the Court noted that it was the second time recently that it had occasion to Order him to appear in Court after he had been appointed to represent individuals.[1] The Court stated that it did not intend in future to Order him to appear in pending matters where he was duly appointed and placed him on notice that that was the last time it was going to direct his appearance in Court after being Ordered to do so.

At the conclusion of the Hearing, Attorney Dudley was Ordered to appear at the next hearing prepared to represent the minor. He was also Ordered to ascertain the cases to which he had been appointed by this Court and to appear at all hearings in connection therewith, failing which a warrant would be issued for his arrest in addition to the issuance of an Order for him to Show Cause why he should not be held in contempt of Court. This Order was reduced to writing and entered on June 16, 2005.

On July 11, 2005, Attorney Dudley filed a "Motion for Substitution of Counsel" seeking to "substitute Dudley, Topper and Feuerzeig, LLP as the appointed counsel [for the minor] or to allow [him] to designate any competent attorney in the firm to appear in his sted". In support of the Motion, he adopted the arguments set forth in his administrative petition dated February 16, 2005 to Presiding Judge Maria Cabret seeking to set aside his appointment to represent the minor, S.B., in Juvenile Case No. 01/2005.

On July 15, 2005, Attorney Dudley filed a "Notice of Appeal" of the Court's Order of June 16, 2005.[2] On July 22, 2005, the "Motion to Stay Order of the Superior Court" pending appeal was filed.

---

[1] On January 10, 2005, Attorney Dudley also failed to appear for a Hearing in Family Division's Case Juvenile No. 01/2005 in which he was appointed to represent the minor, S.B. He later appeared after being Ordered to do so.

[2] In the alternative, if the Order is deemed unappealable, Attorney Dudley requests that his appeal be treated as a Petition for Writ of Mandamus.

## II. Discussion

### A. The Standard for Evaluating a Motion to Stay.

■ In *Republic of Phillipines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991), the Third Circuit noted that in deciding whether to grant a stay pending appeal, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; (4) where the public interest lies.

*See also, Anderson vs. Government of the Virgin Islands*, 947 F. Supp. 894, 897 (D.V.I. 1996).

These factors do not represent a rigid formula, but should be individualized for each case presented to the Court. *Phillipines,* at 658, citing *Hilton v. Braunskill*, 481 U.S. 770, 777, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987). Thus, this Court will analyze each of the four factors in light of the distinctive aspects relevant to this case.

### B. Likelihood of Success on the Merits.

#### (i) Lack of subject matter jurisdiction: inapplicability of *Bertoli.*

Attorney Dudley states that he is likely to succeed because his appeal, which he alleges "challenges the propriety of mandating the appearance of a particular appointed attorney rather than a competent designee of the appointed attorney," is supported by the decision in *United States* v. *Bertoli*, 994 F.2d 1002 (3d Cir. 1993). Attorney Dudley's reliance on *Bertoli* is misplaced. Both with respect to the facts and the law, that case is clearly distinguishable from the case at bar.

*Bertoli* involved an appeal by a law firm from an Order of the U.S. District Court for the District of New Jersey appointing the firm as standby counsel for its former client, Richard Bertoli, in the Government's criminal action against him. During pre-trial proceedings, *Bertoli* discharged the firm which had been retained by him and elected to proceed *pro se*. He did not qualify for indigent status. The Court's Order required the firm, *inter alia*, to serve without compensation, have an Attorney from the firm present at all pre-trial proceedings and

mandated the presence of two named partners of the firm throughout the trial which was scheduled to last two (2) to four (4) months. The firm contended that the District Court lacked power to either compel it to provide free legal services to a client who could afford a lawyer but chose to represent himself or to compel the client to pay for services he did not want. The firm further stated that it was unwilling to provide free standby counsel for the duration of the trial.

Despite its lack of appellate jurisdiction, the Third Circuit treated the firm's appeal as a Petition for Writ of Mandamus or Prohibition due to "unsettled issues concerning a District Court's inherent power over the attorneys who practice before it." The Court held, *inter alia*, that the District Court had inherent power to compel the attorneys who have entered an appearance for a criminal defendant in a complex criminal case to continue to serve as standby counsel for a client who later exercised his right to proceed *pro se.*

Unlike *Bertoli,* the case at bar does not involve the appointment of a law firm as standby counsel for a client who had retained the firm to represent him in a complex criminal trial but has elected to proceed *pro se.* Rather, this case involves the appointment of an individual attorney to represent a minor as Guardian *ad litem* in a relatively uncomplicated abuse and neglect matter. The appointment was not as standby counsel for the minor who had previously retained the Attorney Dudley's law firm. Because the case at bar does not involve the appointment of standby counsel for a non-indigent defendant, there are no "unsettled issues" presented regarding the "Court's inherent power over attorneys who practice before it" with respect to their appointment to represent indigent individuals. *Id.* at 1005. Thus, there is no need to treat Attorney Dudley's appeal as a "Petition for Writ of Mandamus or Prohibition."

Nor does the Appellate Division have jurisdiction over his appeal. In *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), the U.S. Supreme Court carved out and exception to the "final order" doctrine with respect to appeals as mandated by Title 28 U.S.C. § 1291 by establishing the "collateral order" doctrine which permits appeal of some trial Court Orders that do not terminate the entire case, or even a discrete part of it. *See,* 15A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3911, at 29 (1992). To be appealable under *Cohen,* an Order must meet each of the following three criteria: it must (1) conclusively determine the disputed question; (2)

184

resolve an important issue completely separate from the merits of the action and (3) be effectively unreviewable on appeal from an otherwise final judgment. *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2457-58, 57 L. Ed. 2d 351 (1978); *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.,* 947 F.2d 49, 54 (3d Cir. 1991).

■ In *Bertoli,* the Third Circuit noted that *Cohen* did not apply because "the Order is subject to review on appeal from a final order of contempt," hence it lacked appellate jurisdiction for failure of appellant to satisfy *Cohen*'s third prong. Similarly, in the case at bar, even though no Order has been issued for Attorney Dudley to show cause why he should not be held in contempt of Court, an appeal from the Court's Order would only lie if, by that Order, he were in fact held in contempt. In the absence of such a final Order holding him in contempt, Attorney Dudley has failed to satisfy *Cohen*'s third prong. Accordingly, the Appellate Division lacks subject matter jurisdiction over his appeal and as such it must be dismissed.

### (ii) Assuming, *arguendo*, the Court has subject matter jurisdiction, Attorney Dudley is unlikely to succeed on the merits.

### (a) Statutory Authority for Appointment of Counsel.

The substantive bases for Attorney Dudley's appeal appear to be subsumed in the reasons set forth in his administrative petition to the Presiding Judge in which he sought to have other counsel discharge his legal obligation to represent the indigent minor, S.B., after he was appointed to do so.[3] These reasons were also relied upon by him in support of his belated "Motion for Substitution of Counsel." To the extent Attorney Dudley will be relying on those reasons in support of his appeal, he is unlikely to succeed on the merits.

It is settled that "membership in the Bar is a privilege burdened with conditions." *Gentile* v. *State Bar of Nevada*, 501 U.S. 1030, 1065, 111 S. Ct. 2720, 2740, 115 L. Ed. 2d 888 (1991) quoting Cardozo, J. in *In Re Rouss*, 221 N.Y. 81, 84, 116 N.E. 782, 783 (1917); *Theard* v. *United States*, 354 U.S. 278, 281, 77 S. Ct. 1274, 1276, 1 L. Ed. 2d 1342 (1957). Among those conditions is the ethical obligation to undertake *pro-bono* work. *Sellers* v. *M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988). This ethical obligation is not only embodied in the ABA's "Model

---

[3] The Petition is still pending decision.

185

Rules of Professional Conduct"[4] which are "intended to serve as a national framework for implementation of standards of professional conduct" for all lawyers,[5] but also has been codified as law in the United States Virgin Islands both with respect to the representation of indigent defendants and minors.[6]

Consistent with the foregoing authority, Attorney Dudley was duly appointed by the Court, pursuant to Title 5 V.I.C. § 2505, to serve as Guardian *ad litem* for the minor R.F. who was allegedly abused and neglected. Subsection (a) of this statute deals with the appointment of Counsel to represent an indigent child alleged to be a person in need of supervision where involuntary detention may result. Subsection (b) deals with the right of a Respondent named in a neglect or abuse case to be represented by Counsel and for the appointment of Counsel for the Respondent if he/she is financially unable to obtain private Counsel. Attorney Dudley's appointment was made pursuant to subsection (c) which provides as follows:

> (c) A child who is the subject of an abuse or neglect complaint or petition shall be provided counsel, to act in the role of guardian *ad litem* pursuant to section 2542 of this Title.

Title 5 V.I.C. § 2542 provides in pertinent part:

> In every case of child abuse or neglect the Court shall appoint counsel for the child to act in the role as guardian *ad litem*. Such counsel shall be willing and competent by training and experience in representing the interest of a child in such proceedings.

██ Because the provisions of the foregoing statutes must be read *in pari materia*, the Order appointing Attorney Dudley as Guardian *ad litem* for the minor must be construed as analogous to an Order appointing him

---

[4]  *See*, Rule 6.1 of the Model Rules of Professional Conduct. These Rules are Rules of the Superior Court pursuant to Rule 303(a) of the Rules of the Superior Court which provides that the Court, "in furtherance of its inherent powers and responsibility to supervise the conduct of all attorneys who are admitted to practice before it, hereby adopts the ABA's Rules of Professional Conduct and Rules of Disciplinary Enforcement."

[5]  *See*, Commission on Evaluation of Professional Standards, Chair's Introduction, "Model Rules of Professional Conduct," 2004 Ed.

[6]  *See*, Title 5 V.I.C. §§ 3503 and 2505.

to represent an indigent minor or defendant pursuant to subsection (a) above.

Having been Ordered to represent the minor, Attorney Dudley was required to fulfill his obligation "unless and until relieved by Order of the [Superior] Court and thereafter unless and until relieved by Order of the District Court." *See* "Order Appointing Counsel" dated January 29th, 2002. The record in this matter clearly reflects that no Order was ever issued relieving Attorney Dudley from his duty to represent the minor.

### (b) Precedent based on error must yield to law to the contrary.

Among the reasons cited by Attorney Dudley for seeking to evade his appointment is that "historically, the Court has accommodated scheduling difficulties, or Court appointed Counsel's professional judgment concerning his or her own competence and allowed other Attorneys to appear on behalf of Court-Appointed Counsel in criminal, juvenile, and family Court proceedings."

In *Crown Builders, Inc. v. Stowe Engineering Corp.*, 8 F. Supp. 2d 483, 484 (D.V.I. 1998), the Court noted that "while the decision of another Judge of [the District] Court [of the Virgin Islands] is entitled to and is given great respect, it is not binding on other judges of the Court." Assuming, *arguendo*, the correctness of Attorney Dudley's contention, that contention is not binding on this Judge especially where, as here, apposite rules of the Court and the ABA's "Model Rules of Professional Conduct" mandate otherwise. Specifically, the competence and qualifications of Court-Appointed Counsel are within the sole province of the Court. *See,* L.R.CR. 44.1(IV)(c)(2).[7] Thus, contrary to Attorney Dudley's contention, he has no authority to determine his own competence. In further support of his contention, Attorney Dudley stated that he is a "transactional attorney whose practice tends to focus on complex commercial lending and corporate and real estate transaction." He further stated that it was "over (15) years since I have advocated on behalf of a client in criminal judicial proceedings and more than a decade

---

[7]     Rule 7 of the Rules of the Superior Court provides that "the Practice and Procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, **by the Rules of the District Court,** the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence." **emphasis added.**

187

since I have been responsible for any type of trial, civil or administrative."[8]

As with his reliance on his personal judgment to determine his qualifications to represent indigent individuals, his reliance on the nature of his practice to evade his legal obligation is misplaced. Specifically, Attorney Dudley has submitted no proof of his certification as a "transactional attorney" as contemplated by the "Model Rules of Professional Conduct." Rule 7.4 of those Rules provides that:

> (d) a lawyer shall not state or imply that a lawyer is certified as a specialist in a particular field of law unless:
>
>> (1) the lawyer has been certified as a specialist by an organization that has been approved by an appropriate state authority or that has been accredited by the American Bar Association; and
>>
>> (2) the name of the certifying organization is clearly identified in the communication.

Nothing on Attorney Dudley's letterhead indicates his certification as a specialist in "transactional" law. In the absence of any proof or showing of such certification, his claim to being a "transactional attorney" must be rejected.

Similarly, with respect to his contention regarding his unfamiliarity with "criminal proceedings" for "over 15 years" and lack of "responsib[ility] for any type of trial, civil or administrative" for "more than a decade", he has not submitted any proof of his inability to adequately represent the minor through necessary study. Specifically, the Comment to Rule 1.1 of the ABA's "Model Rules of Professional Conduct" states in pertinent part:

> [2] A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar ... A lawyer can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through association of a lawyer of established competence in the field in question.
>
> ...

---

[8] Attorney Dudley's letter to Presiding Judge Cabret dated February 16, 2005.

[4] A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation. This applies as well to a lawyer who is appointed as counsel for an unrepresented person.

■ Given his status as a senior member of the Bar and his intellectual prowess, the Court is convinced that he could easily familiarize himself with the law relative to child abuse and neglect in the Territory and provide adequate representation to the minor in this relatively uncomplicated case. Moreover, there is nothing to prevent Attorney Dudley from associating himself with other Counsel and undertaking the necessary "reasonable preparation" contemplated by the Comment to Rule 1.1.[9] Indeed, rather than demonstrating any lack of competence to represent the minor, Attorney Dudley's contention only serves as an admission that he has improperly avoided representing indigent minors and defendants for over 15 years. In the absence of any showing of his inability to comply with Rule 1.1 of the "Model Rules of Professional Conduct", his contention regarding his unfamiliarity with criminal, civil and administrative practice for some time now must be rejected.

### (c) *Stare decisis* is no ground for continued error.

With respect to his contention regarding the "historical precedent for allowing other attorneys to appear on behalf of Court-Appointed Counsel in criminal, juvenile or Family Court proceedings, this Court is unaware of any such precedent but, assuming, *arguendo*, the correctness of this contention, the Court notes that *stare decisis* is no ground for continued error. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 2178, 100 L. Ed. 2d 811 (1988), the Supreme Court noted that:

[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly

---

[9] The Court notes that pursuant to its Order of June 16, 2005 continuing the matter to August 1, 2005, Attorney Dudley appeared for the hearing on that date. His representation of the minor was exemplary and only served to confirm the Court's long held belief in his ability to be a "quick study", and, *ergo*, provide effective representation with minimal preparation, especially in uncomplicated matters.

erroneous and would work a manifest injustice.' *Arizona v. California*, 460 U.S. 605, 618, n. 8, 103 S. Ct. 1382, 1391, n. 8 (citation omitted).

*See also, Lambert v. Blackwell*, 387 F.3d 210, 237 (3d Cir. 2004).

In the case at bar, the appearances of Attorneys Norkaitis, Stone and Travis on behalf of the minor were clearly erroneous inasmuch as none of them was ever properly substituted for Attorney Dudley or each other. Nor was Attorney Dudley ever relieved of his appointment. That he was in effect permitted to evade his obligation until now is clearly erroneous. Moreover, allowing him and other prominent Counsel who might have similarly benefitted from the "precedent" to continue to evade their legal and ethical obligations to represent indigent minors results in manifest injustice. Specifically, less prominent attorneys would be required to assume a disproportionate share of indigent appointments as a result of the refusal of prominent Counsel to fulfill their obligations. Also, such a "precedent" does violence to the principle of "equal justice under law for all" and the rule of law because of the disparate treatment of lawyers similarly situated.

■ A review of the apposite law regarding the appointment of Counsel to represent indigent defendants and minors, the Rules of the Superior Court and the "Model Rules of Professional Conduct" reveals no basis for exempting Attorney Dudley from his legal and ethical obligation to represent the minor. Accordingly, no credence can be accorded his contention regarding the existence of "historical precedent" which, in any event, because it is clearly erroneous and results in manifest injustice, must be rejected.

**(d) Appointment is the individual responsibility of every lawyer.**

Another reason posited by Attorney Dudley in seeking to evade his appointment is that it is the "established practice and procedure [to allow] appointed Counsel to discharge his or her responsibility through the use of other lawyers." He therefore sought the Presiding Judge's "assistance in a matter involving [this Judge's] observance of the Court's Rules of Practice and Procedure followed by other Judges and Judicial Personnel of the Superior."[10]

---

[10] *See,* Attorney Dudley's letter to Presiding Judge Cabret dated March 14, 2005.

190

A review of the apposite law reveals that no credence can be accorded Attorney Dudley's contention because that law clearly contradicts this so-called established practice. Consistent with the principle that "membership in the bar is a privilege burdened with conditions" and the concomittant obligation of every lawyer to undertake *pro bono* work, it is axiomatic that such an obligation must be discharged by the individual lawyer and not his or her proxy. Thus, Rule 6.1 of the Model Rules of Professional Conduct provides that:

> **Every lawyer** has a professional responsibility to provide legal services to those unable to pay. **emphasis added.**

The "Comment" to the Rule states in pertinent part:

> [1] **Every lawyer,** regardless of professional prominence or work load, has a responsibility to provide legal services to those unable to pay, and personal involvement in the problems of the disadvantaged can be one of the most rewarding experiences in the life of a lawyer. **emphasis added.**

Had the ABA, Virgin Islands law or the Rules of the Superior Court intended that lawyers could discharge their *pro bono* obligation by foisting it on other Counsel, they would have said so. Similarly, had the ABA, Virgin Islands law or the Rules of the Superior Court intended that law firms rather than individual attorneys could represent indigent individuals, they would have said so. Contrary to Attorney Dudley's contention, his obligation to represent the minor cannot be discharged by his law firm and he has cited no authority to support such a contention. Indeed, as noted heretofore, in order to emphasize the seriousness of this individual responsibility, Rule 303(p) of the Rules of this Court provides that Attorneys who fail or refuse to accept indigent appointments are subject to severe sanctions, including being held in contempt of Court and disciplinary action by the Bar Association.

Additionally, he fails to cite the "Rules of Practice and Procedure followed by other Judges." In fact, there are no such Rules. Indeed, contrary to his contention, the practice in this Judge's Court is pursuant to and consistent with the law of the Virgin Islands which all Judges have sworn to uphold. Nothing in his submissions to date points to **any** law or Rule of the Superior Court that is being violated by his appointment. In the absence of such a showing, his contention regarding

191

any "established practice and procedure" that permits him to evade his ethical and legal obligation to the underprivileged must be rejected.

### (e) Appointment as Punishment.

In his administrative petition, Attorney Dudley stated that this Court's motivation for its appointment of him "appears solely punitive." This contention is indeed troubling. This contention is not only patently false but is offensive and indicative of Counsel's proclivity for mis-representing the facts.[11] Specifically, the Court can think of no reason why it should want to punish Attorney Dudley and he cites none. Pursuant to Rule 303(p) of the Court's Rules, Attorney Dudley's name was routinely selected by the Clerk from a panel of private attorneys whose names are alphabetically rotated. Once selected, his name was placed on the "Order Appointing Counsel" and submitted to this Judge for signature. This procedure has been observed by the Court as a matter of routine in all appointed cases involving all active members of the Virgin Islands Bar.

Contrary to Attorney Dudley's spurious contention, the Court's sole motivation in insisting that he represent the minor as ordered was its sworn duty to uphold the law and ensure equal justice for all who appear before it. Attorney Dudley must also obey the law, and, as noted heretofore, and he is well aware that in exchange for the privilege granted to him by the Territory to actively engage in the practice of law, he is legally and ethically obligated to provide *pro bono publico* service.

It is clear that Attorney Dudley is seeking to avoid his ethical and legal obligation to represent the indigent minor solely because of his perceived "professional prominence or professional workload." The Court notes that other equally prominent attorneys, including partners in his law firm, have accepted similar appointments by this Judge and other Judges to represent indigent minors. In contrast to Attorney Dudley, they have not sought to shirk their ethical, moral and legal obligation to the

---

[11]   In addressing the Court, Counsel falsely stated that the last time he tried a criminal case was "when you were the law clerk to [Chief] Judge [Emeritus Verne A.] Hodge." In fact, this Judge never served as Judge Hodge's law clerk. My only law clerk service was with Judge Harry Toussaint Alexander of the D.C. Superior Court over thirty (30) years ago. I began my service with the Superior Court of the Virgin Islands as Assistant General Counsel and was subsequently promoted to General Counsel and served in that position until my appointment to the Bench.

disadvantaged by resorting to reckless calumny and specious excuses. Nor have they ever asserted that their appointments were motivated by a desire to "punish" them. It is also impertinent for Attorney Dudley to state that he is being punished despite his making [other Counsel] "available to [the minor S.B.] and his mother." Attorney Dudley has no authority to make other Counsel "available" to represent the minor S.B. in this Court or in any other Court.

In the absence of any demonstrable factual basis for his statement, Attorney Dudley's contention regarding the Court's motivation for appointing him Counsel for the minor must be rejected.

In light of the foregoing, no credence can be accorded his contention that he is likely to succeed on the merits and as such, it must be rejected.

## C. Irreparable Injury to Movant.

With respect to the second factor to be considered in deciding whether to grant a stay, Attorney Dudley has not shown that he would suffer any irreparable injury absent a stay. In support of this factor, he contends that such injury is demonstrated by this Court's Order that if he "fails to appear personally 'a warrant for his arrest shall be issued, in addition, he shall show cause why he should be held in contempt of Court.'"

The Court's Order was necessitated when Attorney Dudley repeatedly failed to appear to represent the minors S.B. and R.F. without leave of Court. As a result of his failure to appear on January 10, 2005, in *the Matter of S.B.*, the Court was constrained to disrupt its calendar and compel his appearance. Again, on May 2, 2005, in the case at bar, the Court was compelled to disrupt its calendar and Order his appearance. In an attempt to avoid future disruption of its calendar by having to compel his appearance, the Court placed him on notice that if he failed to appear at any future scheduled hearing without leave of Court, a warrant would be issued for his arrest. Because of his contemptuous demeanor when he first appeared before the Court on January 10, 2005, and the apparent pattern of his appearance only after being compelled to do so, this Court also placed him on notice if he failed to appear for future scheduled hearings without leave of Court, he would be Ordered to Show Cause why he should not be held in contempt of Court.

193

Such an Order is wholly consistent with the law and the Rules of this Court, which also have the force and effect of law.[12] Specifically, Title 4 V.I.C. § 281 provides that "every judicial officer shall have power: ... (2) to compel obedience to his lawful Orders." Also, Rule 303(p) of the Rules of the Superior Court provides that ... "any attorney who refuses to accept an indigent appointment ... shall be subject to the contempt powers of this Court and such other disciplinary action for misconduct as might be recommended by the Virgin Islands Bar Association." Additionally, Rule 9 of the "Model Rules for Lawyer Disciplinary Enforcement" provides that it shall be a ground for discipline for a lawyer to: (1) violate or attempt to violate the [State Rules of Professional Conduct] or any other Rules of this jurisdiction regarding professional conduct."

Because of his demonstrated refusal to appear to represent the minor as Ordered, this Court had every right to issue the Order in an attempt to vindicate its authority and avoid future disruption of its proceedings by Attorney Dudley. Accordingly, he has failed to show any irreparable injury resulting from that Order.

## D. Substantial Injury to Other Parties.

A review of the record in this case reveals that no injury would be visited upon the other parties in the event a stay were denied. The minor has resided with her maternal aunt, Ms. Marlene Francis, since September 25, 1996 and, by Order dated April 9, 1997, she was Ordered to be placed in the physical custody of her aunt with temporary legal custody in the Department of Human Services. During the review hearing on August 1, 2005, the minor's Social Worker, Ms. Angela Lloyd-Campbell testified that the minor was doing fine. The Court accepted the Government's recommendation to maintain the *status quo* and continued the matter for review on Monday, February 6, 2006. With respect to the other party, the minor's biological mother, according to Mrs. Lloyd-Campbell's report, "she continues to be non-existent" and "has not made any contact with the Department of Human Services since the inception of this case."

---

[12]   The Rules of the [Superior] Court have the force of law. *Tonkin* v. *Michael* 9 V.I. 172, 182, (D.V.I. 1972)

194

Attorney Dudley admits that his "appeal will not substantially injure any party involved in these proceedings" and that the minor "will not suffer" if a stay is granted. Concomittantly, the minor would not suffer if a stay were denied.

In light of the foregoing, and the record in the case and Attorney Dudley's admission, no substantial injury would be visited upon the government, the minor, or her mother if the Motion were denied.

### E. The Public's Interest.

The public's interest in this matter clearly lies in vindicating the laws of this Territory. Because Attorney Dudley seeks to evade this legal and ethical obligations to represent indigent individuals, neither the public's interest nor the interest of justice will be served by granting his Motion. As long as he insists on being above the law by his continuing attempts to evade his legal obligations, the Court, and, *ergo,* the public, should have no interest in accommodating him in his unlawful pursuits.

Additionally, the public has an interest in the appointment of Counsel to represent their interests in obtaining justice. The public's interest mandates that the Court appoints individual Attorneys to vigorously represent the interests of the designated members of society at large. The public thus has a direct interest in ensuring that the Court's ability to regulate and manage the Attorneys so appointed is preserved.

### F. No Showing of Compliance with the Factors Necessary for Stay.

The practice of allowing Counsel appointed to represent indigent individuals to unilaterally designate other Counsel to discharge their obligation without leave of Court has no basis in the law of this Territory, the Rules of the Court or the Model Rules of Professional Conduct. Where, as here, Counsel seeks to continue that practice despite its clearly erroneous genesis, both the interest of justice and the orderly administration of justice require its cessation, if only to prevent manifest injustice. Despite his prominence, Attorney Dudley must obey the law he has sworn to uphold rather than seek to evade it as he has done for approximately 15 years. The Court's Order that he represent the minor is merely an attempt to vindicate the Territory's laws and the Rules of this Court regarding the appointment of Counsel to represent indigent individuals.

In light of the foregoing, the appeal herein can only be viewed as frivolous and staying it would serve no useful purpose, especially where, as here, there has been a failure to comply with the requirements of a stay. Accordingly, the "Motion to Stay" must be denied.

## G. The Motion for Substitution of Counsel.

According to the Motion, Attorney Dudley seeks "to substitute Dudley, Topper and Fuerzeig, LLP as Counsel for Francis ... or allow Dudley to designate any competent Attorney from that firm to appear in his sted ..." As noted heretofore, in support of the Motion, he adopts "the arguments supporting the propriety of allowing other Counsel from Dudley, Topper and Fuerzeig to appear in [his] sted" which were set forth in his letters to Presiding Judge Cabret dated February 16, 2005, and March 14, 2005.

As discussed heretofore, neither Virgin Islands law, the Court's Rules nor the "Model Rules of Professional Conduct" authorizes the appointment of a law firm to represent an indigent individual. Nor do they authorize appointed Counsel to designate another attorney to appear in his/her sted. In the absence of such authority, the "Motion for Substitution" must be denied. Moreover, other than his perceived prominence as a lawyer, which is unacceptable, Attorney Dudley has advanced no legitimate or credible reason to warrant his substitution by other Counsel to represent the minor as required by Rule 6.2 of the "Model Rules of Professional Conduct." However, consistent with the Court's Rules, he is permitted to associate himself with other Counsel in his firm if he deems it necessary to properly represent the minor without substitution of Counsel.

## Conclusion

For all of the foregoing reasons, the "Motion for Stay" pending appeal and the "Motion for Substitution of Counsel" are denied.