**UNITED SPECIALTY INSURANCE COMPANY, Plaintiff,**

v.

**CDC HOUSING, INC. and Cun Tai Zheng, Defendants.**

**No. 16 Civ. 406 (CM)**

United States District Court,
S.D. New York.

Signed February 9, 2017

Rita Yulin Wang, Christopher T. Bradley, Marshall, Conway & Bradley, P.C., New York, NY, for Plaintiff.

Leonard Rodney, Law Offices of Leonard Rodney, Great Neck, NY, Thomas Drew Gearon, Block & O'Toole, New York, NY, for Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

McMahon, C.J.:

On January 19, 2016, Plaintiff United Specialty Insurance Company ("Plaintiff" or "United") brought this action for declaratory judgment, pursuant to 28 U.S.C. § 2201, seeking a declaration that it has no obligation to defend or indemnify Defendant CDC Housing, Inc. ("CDC") in an underlying personal injury action pending in New York State Supreme Court, *Cun Tai Zheng v. 1752 Second Avenue, LLC, Salon Realty Corp. & CDC Housing, Inc.*, Index No. 12857/2015 (the "Underlying Action"). (Dkt. No. 1.)

On December 29, 2016, Plaintiff moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), declaring that (1) United has no duty to defend or indemnify CDC in the Underlying Action and (2) United is entitled to recoup from CDC the defense costs it has incurred in the Underlying Action. (Dkt. No. 16.)

For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is GRANTED.

### Background and Procedural History

On April 2, 2014, United issued "Commercial Lines Policy Number USA4044942" to CDC for the policy period April 19, 2014 to April 19, 2015 (the "United Policy"). (Compl. ¶ 11, Dkt. No. 1; *see also* Compl. Ex. A, Dkt. No. 1–1.) Pursuant to the United Policy, United provided "commercial general liability coverage" to CDC with a $1,000,000 per-occurrence limit. (Compl. Ex. A at 14.)

The United Policy includes the following exclusion:

**EXCLUSION—BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Section I—Coverages, Coverage A, Bodily Injury and Property Damage Liability, paragraph 2, Exclusions:

This insurance does not apply to:

**Independent Contractors**

"Bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of "bodily injury".

(Compl. Ex. A at 71 (hereinafter, the "Independent Contractor Exclusion").) The United Policy specifies that United "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." (*Id.* at 16.)

On or about December 1, 2014, CDC contracted with Salon Realty Corp. to serve as the general contractor for a renovation project at 1752 Second Avenue, Apartment 4S, New York, NY (the "Renovation Project"), (Compl. ¶ 19.) The work at the Renovation Project included, "Clean up and Remove wall work," "Tile and marble work," "Floor work," "Carpentry work," "Dry wall," and "Patch and paint Work." (*Id.* ¶ 20.)

On or about April 3, 2015, CDC entered into a subcontract with Yep Group, Inc. ("Yep") to perform work in connection with the Renovation Project. (*Id.* ¶ 21.) Cun Tai Zheng ("Zheng"), a named defendant in this action, was an employee of Yep and worked on the Renovation Project. (*Id.* ¶ 18.) "Yep performed the work on the Renovation Project without guidance, assistance or oversight by CDC or its employees. Neither CDC nor its employees were present [at the work site] while Yep performed its work in connection with the Renovation Project." (*Id.* ¶¶ 22–23.) United alleges that Yep "is an independent contractor which agreed to perform certain work necessary to complete the Renovation Project for the lump sum of $34,000." (*Id.* ¶ 33.)

On or about October 26, 2015, Zheng commenced the Underlying Action in New York State Supreme Court, alleging that, on March 24, 2015, he sustained a hand laceration while working on the Renovation Project. (*Id.* ¶ 14.) On or about November 3, 2015, United received a copy of Zheng's complaint in the Underlying Action and a "General Liability Notice of Occurrence/Claim" from CDC. (*Id.* ¶ 15.)

On November 16, 2015, United sent CDC a "Partial Declination," advising that:

It is because of Zheng's non-specific allegations in the complaint ... [that] United Specialty has agreed to provide a defense to CDC Housing under a Partial Disclaimer. Should any of the coverage exclusions outlined above be determined to be true in the Zheng lawsuit, United Specialty will withdraw counsel and stop the defense of CDC Housing in the Zheng lawsuit as well as recover defense costs and expenses incurred as a result

of providing a defense to CDC Housing. . . .

United Specialty is reserving its right to withdraw counsel and to seek reimbursement for costs incurred as a result of providing CDC Housing a defense. United Specialty is also reserving its right to file a Declaratory Action with the Court to determine what the Court feels is the responsibility of United Specialty in the Zheng lawsuit.

(Compl. Ex. C at 9, 10, Dkt. No. 1–3.) Among the "coverage exclusions outlined above" was the Independent Contractor Exclusion. (*Id* at 6–7.)

Currently before the Court is United's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). United argues that "there is no genuine dispute of material fact and [it] is entitled to a judgment declaring that it has no duty to defend or indemnify CDC in the *Zheng* Action based on the contents of the pleadings and other public records that the Court may take judicial notice of." (United Mem. of Law at 4, Dkt. No. 18.)

In its partial opposition, CDC concedes that, "Based on a review of the authorities cited by plaintiff in its Memorandum of Law, CDC is not opposing plaintiff's motion to the extent that it seeks a declaration that United is not obligated to defend and indemnify CDC. . . . CDC is only opposing United's Motion to the extent that it seeks a declaration that it is entitled to recover attorney's fees." (CDC Mem. of Law at 1, Dkt. No. 21.)

### Standard

Fed. R. Civ. P. 12(c) provides that, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), "a movant is entitled to judgment on the pleadings only if she establishes that no material issue of fact remains to be resolved and that [she] is entitled to judgment as a matter of law."

*Mack v. Comm'r*, No. 12 Civ. 186, 2013 WL 5425730, at *6 (S.D.N.Y. Sept. 27, 2013) (internal quotation marks omitted). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "On a Rule 12(c) motion, a court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. A court may also review any document incorporated by reference in the pleadings or integral to the complaint." *Glascoff v. OneBeacon Midwest Ins. Co.*, No. 13 Civ. 1013, 2014 WL 1876984, at *4 (S.D.N.Y. May 8, 2014) (internal quotation marks omitted).

"A district court should render a declaratory judgment when such a judgment will (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14 Civ. 277, 2016 WL 1030134, at *3 (S.D.N.Y. Mar. 10, 2016) (internal quotation marks omitted).

### Discussion

### I. United Has No Duty to Defend or Indemnify CDC in the Underlying Action

"An insurer's duty to defend claims made against its policyholder is ordinarily ascertained by comparing the allegations of a complaint with the wording of the insurance contract. . . . The duty is to defend any action, regardless of its merit, that seeks damages *potentially* within the indemnity coverage, At the same time, an insurer's duty to defend is limited absolutely by the scope of the coverage pur-

chased." *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004). "In contrast to the duty to defend, an insurer's duty to indemnify is narrower and triggered by a determination that the loss, as established by the fact, is covered by the policy." *Century Sur.*, 2016 WL 1030134, at *4 (internal quotation marks omitted).

 "Under New York law, the initial interpretation of a contract is determined by the court as a matter of law. In construing the provisions of a contract, including an insurance policy, unambiguous terms are given their plain and ordinary meaning." *Id.* (internal quotation marks omitted). "[T]he question of whether an insurance policy is ambiguous is a matter of law to be determined by the court." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616 (2d Cir. 2001). "An ambiguity exists if the terms of an insurance contract suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Century Sur.*, 2016 WL 1030134, at *4 (internal quotation marks omitted).

 "The same principles apply to the evaluation of asserted exclusions of coverage. To negate coverage by virtue of exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Id.* (internal quotation marks omitted).

 Here, the terms of the United Policy are unambiguous; United has no duty to defend or indemnify CDC in the Underlying Action. *See id.* Indeed, CDC concedes the point. (Dkt. No. 21 at 1.)

The United Policy clearly specifies that United "will have *no* duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply," and the "Bodily Injury to Independent Contractors" clause excludes from coverage any liability resulting from a bodily injury to "any independent contractor or the 'employee' of any independent contractor while such independent contractor or their 'employee' is working on behalf of" CDC. (Compl. Ex. A at 16, 71 (emphasis added).)

This Court has previously concluded that identical liability exclusions involving independent contractors were unambiguous. *See Century Sur.*, 2016 WL 1030134, at *6 (collecting cases). In *Century Surety*, the plaintiff insurer sought a declaration that it was not obligated to defend or indemnify the defendant general contractor in connection with a pending state court personal injury action brought by an employee of the defendant's subcontractor. *Id.* at *1. The court granted the plaintiff's motion for summary judgment, finding that an identical "Independent Contractor Exclusion [was] unambiguous." *Id.* at *6. The court also ruled that the subcontractor was the defendant's "independent contractor," and that the injured employee was "the employee of an independent contractor. Therefore, his alleged injury [was] excluded by the Independent Contractor Exclusion." *Id.* at *8. The court therefore issued a declaration that the plaintiff was "not obligated to defend or indemnify [the defendant] in the underlying state court action." *Id.* at *13.

The same conclusion is reached on the facts at bar. There is no genuine dispute of material fact that the United Policy provisions were clear and unambiguous on their face in excluding coverage for the Underlying Action. Zheng was the employee of an independent contractor, Yep, that "per-

formed the work [on the Renovation Project] according to its own methods without being subject to [CDC's] control, except as to the product or result of its work." *See id.* at *12. "No genuine issue of fact has been raised as to [Zheng's] status as" an employee of an independent contractor. *See id.* Thus, United has no duty to defend or indemnify CDC in the Underlying Action.

## II. United Is Entitled to Recoup Litigation Costs from CDC

█ CDC only opposes United's request for attorney's fees in connection with the Underlying Action. Its opposition lacks merit.

█ "New York law permits insurers to provide their insureds with a defense subject to a reservation of rights to, among other things, later recoup their defense costs upon a determination of non-coverage." *Maxum Indem. Co. v. A One Testing Labs., Inc.,* 150 F.Supp.3d 278, 283–84 (S.D.N.Y. 2015). "Courts have consistently determined that insurers are entitled to reimbursement of defense costs upon a determination of non-coverage so long as the reservation was communicated to the insured, who did not expressly refuse to consent to the reservation." *Id.* at 284.

United explicitly reserved its right to seek recoupment of its defense costs in its Partial Declination letter on November 16, 2015: "United Specialty is reserving its right to withdraw counsel and *to seek reimbursement for costs incurred as a result of providing CDC Housing a defense."* (Compl. Ex. C at 10 (emphasis added).)

CDC argues that, "Clearly there is no mention of attorney's fees and … if United was intending to include attorney's fees in its definition of 'Costs,' it should have so stated. This would have enabled CDC to make a proper determination as to whether to object to the reservation of rights or not." (Dkt. No. 21 at 2.) CDC's argument fails.

It is clear that United's reservation to seek reimbursement of defense costs included the attorney's fees it incurred in defending CDC in the Underlying Action. CDC's "failure to object [to United's reservation of rights] at any earlier time precludes [its] doing so now." *Century Sur.,* 2016 WL 1030134, at *13; *see also Maxum Indem.,* 150 F.Supp.3d at 286. Thus, United is entitled to recoup the defense costs it has incurred in defending CDC in the Underlying Action.

### Conclusion

For the reasons stated above, Plaintiff's motion for judgment on the pleadings is GRANTED.

The Clerk of the Court is directed to remove Docket No. 16 from the Court's list of pending motions.